# CASES ARGUED AND DECIDED

— IN THE —

# SUPREME COURT OF MISSISSIPPI,

— AT THE —

# NOVEMBER TERM, 1906.

WILLIAM TEMPLE *v.* McCOMB CITY ELECTRIC LIGHT·AND POWER COMPANY.

[42 South. Rep., 874.]

1. ELECTRICITY. *Light company. Uninsulated wire. Children. Trees.*

An electric light company is liable for injuries sustained by a child who climbed into a tree through the branches of which its uninsulated wire, causing the injury, extended, where the branches were so located as to be attractive to children and provoke their instinct to climb.

2. SAME.

An electric light company is bound to take notice of the habits of children to climb trees.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Temple, the appellant, an infant suing by his next friend, was plaintiff in the court below; the electric light and power company, the appellee, was defendant there. From a judgment sustaining a demurrer to the declaration and dismissing the suit the plaintiff appealed to the supreme court.

The plaintiff, a child ten years of age, sued for damages for injuries alleged to have been received by coming in contact with a live wire of defendant. The declaration alleged that the defendant, in transmitting electricity, which it knew to be a dangerous agency, through a thickly settled part of McComb City, negligently removed the insulation from its wires at a place where they passed through the limbs of a tree which had numerous branches extending almost to the ground, and in which plaintiff and other children played, and that by reason of the removal of the insulation from the wires they thereby became dangerous, while, if properly insulated, they would have been harmless, and that plaintiff, being ignorant of their dangerous condition, while climbing among the branches of the tree, came in contact with an uninsulated wire and received the injuries of which complaint is made. The defendant demurred to the declaration because it failed to aver (1) that defendant had reason to believe that the wires were constructed in such place and manner as to result in injury to plaintiff or any one else; (2) that it was through the fault of defendant that plaintiff was injured, but, on the other hand, the declaration shows that it was through the fault of plaintiff that the accident occurred.

*Quin & Williams,* and *Fred H. Lotterhos,* for appellant.

The declaration charges that electricity is a dangerous agency and the defendant knew it, and that the wires were dangerous if not insulated; that current would pass from uninsulated parts to substances coming in contact. That the insulation was removed by defendant from parts of the wires extending through the limbs of the tree; that this manner of construction was a menace to human life, and that this was a small tree with branches nearly to the ground in a thickly populated part of the city.

These would be sufficient facts for the defendant to have reason to believe that injury would result, at least, to one of tender

years ignorant of the danger of electric wires from which the insulation had been removed, who might be in the little tree. The reason to believe was charged.   It would not have strengthened the case, after charging these facts from which defendant had reason to believe to allege in general terms that it did have reason to believe.

But, it may be said that the declaration does not charge that defendant believed or had reason to believe that one of tender years and ignorant of the dangers in uninsulated electric wires would climb into the tree.

The declaration is that the tree stood in a thickly populated part of the city; that it had branches nearly to the ground.   We think the courts would take judicial notice that children would climb such a tree.   *Spengler* v. *Williams,* 67 Miss., 1.

Certainly, it would not be a fact that would have to be proved to a jury to warrant a verdict in a case otherwise proper for a verdict.   The defendant, in using a dangerous agency in that tree would have to take notice,. at its peril, that a child of tender years might get among the branches of the tree.

There is no question of the child's right to be in the tree.   If it was in the street and if defendant has the right to use electricity in the streets, it was at its peril that it used this dangerous agency in the streets as an additional servitude.   If it left its wires in a dangerous condition at a place where children playing in the streets, a child of tender years, might ordinarily be injured by those wires, it would have to respond in damages if such a child were injured thereby.   *McLain's Case,* 67 Miss., 4; *Girandi* v. *Electric Co.,* 107 Cal., 120; *Winkleman* v. *Electric Co.,* 85 S. W. Rep., 99; *Central Tel. Co.* v. *Sakala,* 73 N. E. Rep., 143.

It is not the dangers at the surface of the street alone that are condemned, but the rights of the public extend indefinitely upward.   *Wheeler* v. *City of Fort Dodge,* 108 N. W. Rep., 1057.

*Mixon & Butler,* for appellee.

The declaration in this case is fatally defective, in that it fails to charge that appellee knew, or had reasonable cause to know, that children were accustomed to play in the tree, or that they would likely do so.    We admit that the true rule is that electric light companies are held to a very high, if not the highest, degree of care in properly maintaining their electric appliances, but they are only bound to anticipate such accidents and injuries as they can reasonably forecast as likely to happen.    *Snyder* v. *Wheeling Electric Co.,* 64 Am. St.. Rep., 922.

In the case of *Brush Electric Light & Power Company* v. *Lefevre,* 93 Tex., 604, it was decided that where electric wires were placed over an awning not used as a place of resort, or for any purpose whatever by persons going on top of it, but simply for shade protection, there was no liability on the part of the electric light company to one injured thereby, the court saying that the injury must be the natural and probable consequence of the act complained of, which act ought to have been foreseen by the electric company.    The court further says it was not negligence, with regard to persons traveling along the street or sidewalk to leave the wire exposed, because there was no reasonable and scarcely a possible chance for such persons to be injured thereby.

In the case of *Brown* v. *Edison Electrical, etc., Co.,* 90 Md., 400 (s.c., 78 Am. St. Rep., 442), the court says with reference to the legal duty of electrical companies, that this legal duty would require it to see that its wires, when strung where persons were liable to come in contact with them, were properly placed with reference to the safety of such persons and were properly insulated.

The case of *Perham* v. *Portland Electrical Co.,* 33 Ore., 451 (s.c., 72 Am. St. Rep., 730), is a case which we consider directly in point.    The facts in that case are these: The electrical company strung its uninsulated wires on an overhead bridge, where

it knew that the bridge was being repaired, and that it was neces-sary for the workmen to move about and come in contact with its wires.    The defendant admitted that at the time of erecting its wires it knew the bridge would, from time to time, be repaired, and workmen would come in contact therewith.    The court in that case says that inasmuch as the defendant knew that the wires were in such a place, it was liable.    It certainly would not and could not have held that if the wires were not located where some person would probably come in contact with them it would have been liable.

In the case of *Western Union Telegraph Co.* v. *State,* 92 Md., 293 (51 Am. St. Rep., 464), the rule of pleading is laid down as follows:  To constitute a cause of action in a case of this nature, there should be stated a right on the part of plaintiff, a duty on the part of defendant in respect to that right, and a breach of that duty whereby the plaintiff suffered injury.

The allegation that the defendant was a trespasser, having its wires in the tree, is merely a conclusion of the pleader. Plaintiff sets out no fact or circumstance to justify this conclu-sion.    Appellant contends that, as a matter of law, the appellee should have known and anticipated that children would climb this tree.    This case is easily distinguished from the turntable cases.

Even railroad cars and similar machinery are not such con-trivances as from their nature are within this rule. · *Barney* v. *Hannibal, etc., R. R. Co.,* 126 Mo., 372 (s.c., 47 Am. St. Rep., 673).

In the case of *White* v. *Stifel,* 126 Mo., 295 (s.c., 47 Am. St. Rep., 668), it is said, it is only in cases of attractive machinery, or other objects similar in their effect, that children, when injured without fault or negligence on their part, are entitled to recover for personal injuries occasioned thereby, and even then, such right seems to be predicated of the fact that children are in the habit of resorting to such places for play, with the knowledge

of those in charge of such object or machinery.    *Railroad Co.* v.
*Stout,* 17 Wall., 657.    In the principal case in denying plain-
tiff's right of recovery, it is said the facts did not show that
children were in the habit of resorting to the building for play,
nor can it be said that the construction of a basement of a build-
ing like that where the injury occurred, etc., has about it any-
thing unusual or unique which would be attractive to children.
Where, under the circumstances, the presence of children on the
premises was not reasonably to have been anticipated, there is,
of course, no duty as to such presence to have the premises safe,
and likewise where no children might have been expected to
come upon property, no injuries to them would reasonably have
been contemplated, and under the circumstances there is no neg-
ligence and consequently no liability.    21 Am. & Eng. Ency.
Law, 474, and cases cited.

In the case of *Brush Electric Co.* v. *Lefevre, Ib.,* the wires
were conclusively shown not to be over sixteen feet from the
street and directly over the awning.    In this case, the plaintiff
alleges that the wires are ten or twelve feet high.    Adopting the
rule that pleadings must be construed most strongly against the
pleader, these wires were from four to five feet above the heads
of pedestrians at the point of injury.

Suppose that some child should climb a post used for the sup-
port of electrical wires and thereby come in contact with them
and be injured.    It would certainly not be held under these cir-
cumstances that the electrical company would be liable, and is
there any more reason for the view that appellee should as a
matter of law anticipate that children would climb a tree than
it should that they would climb its poles?    If, as a matter of
law, appellee did not know or have reason to know or anticipate
that the child would climb the tree, then the plaintiff will cer-
tainly not be allowed under this declaration to prove that the
appellee did not know that children played in this tree.    We
concede that if plaintiff has alleged that the light company knew

---

that this tree was used by the children for play, then the declaration would have stated a cause of action. We submit that the declaration is wholly insufficient and that the demurrer was rightfully sustained.

Argued orally by *Fred H. Lotterhos,* for appellant, and by *George Butler,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The citizens of a municipality have the right to the reasonable use of the streets, not only on their surface, but above their surface. Many uses of the streets, or the spaces above the streets, may be readily imagined in cities, where buildings are erected twenty to fifty stories high, that might not be available in an ordinary town. The corporations handling the dangerous' agency of electricity, are bound, and justly bound, to the very highest measure of skill and care in dealing with these deadly agencies. The appellee had the right to such reasonable use of the streets for its poles and wires as the conditions existing at the time in the community warranted. On the other hand, the appellant had the reciprocal right to what was a reasonable use of the streets on his part. The rights of the appellant and the appellee are mutual and reciprocal. Neither could so use his own rights as to wantonly injure the other. These two correlative rights, if the law is obeyed, operate in perfect harmony with each other. There are no interferences, and no vacancies in the sphere of their harmonious movement.

The declaration shows that the tree in which this boy was injured, by contact with an uninsulated wire, was an oak tree, a little tree abounding in branches extending almost to the ground —just such a tree as the small boys of any community would be attracted to, and use, in their play. Whether this appellee knew that this particular small boy was in the habit of climbing this tree or not, it is clear from the averments of the declaration that it did know the tree, the kind of tree, and, knowing that, knew

what any person of practical common sense would know—that it was just the kind of a tree that children might climb into to play in the branches.    It is perfectly idle for the appellee to insist that it was not bound to have reasonably expected the small boys of the neighborhood to climb that. sort of tree.    The fact that such boy would, in all probability, climb that particular tree, being the kind of tree it was, was a fact which, according to every sound principle of law and common sense, this corporation must have anticipated.    The argument that it did not almost suggests the query whether the individuals composing this corporation, its employes and agents, had forgotten that they were once small boys themselves.    The immemorial habit of small boys to climb little oak trees filled with abundant branches reaching almost to the ground is a habit of which corporations stretching their wires over such trees must take notice.    This court, so far as the exertion of its power in a legitimate way is concerned, intends to exert that power so as to secure, at the hands of these public utility corporations, handling and controlling these extraordinarily dangerous agencies, the very highest degree of skill and care.

*The judgment of the court below is reversed, the demurrer overruled, and the cause remanded.*