SAMUEL POTERA v. CITY OF BROOKHAVEN.

· [49 South 617.]

MUNICIPALITIES. *Electric light plants. Care required. Evidence. Negligence. Infants. Contributory negligence. Instructions. Res ipsa loquitur.*

In a suit by a child, between ten and twelve years of age, against a municipality owning and operating an electric light plant for injuries received by plaintiff's coming in contact with a lamp and wires fallen in a street:—

(a) It should be recognized that the defendant was charged with the highest degree of care for the safety of persons lawfully using the street in the erection and maintenance of the plant; and

(b) The fact that the electric lamp and the wires attached thereto had fallen in the street is *prima facie* evidence of defendant's negligence, and when unexplained and coupled with other evidence showing that the plant was out of repair, is sufficient to establish defendant's negligence as a matter of law; and

(c) The plaintiff should have been presumed incapable of contributory negligence, unless the presumption were rebutted by evidence; he should not be held to the same degree of care required of adults under like circumstances, but only to such care as he was capable of exercising considering his age, experience, knowledge and intelligence, and evidence to rebut the presumption presents a question of fact for the jury; and

(d) An instruction that plaintiff was chargeable with contributory negligence "if he was an intelligent boy for one of his age" was erroneous, since the question involved not only his intelligence, but as well his age, knowledge and experience; and

(e) An instruction that the jury must consider the fact that the plaintiff had lived all of his life in a city having electric lights and wires and had thus had opportunities to learn and appreciate the dangers of such agencies was erroneous because argumentative on the weight of evidence and gave undue prominence to only a part of it.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Potera, appellant, by next friend, was plaintiff in the court below; the city of Brookhaven, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts are stated in the opinion of the court and the specially concurring opinion.

The suit was to recover damages for personal injuries sustained by plaintiff in coming into contact with an uninsulated wire charged with electricity. The case was submitted to the jury under numerous instructions. The second, third, fifth and sixth instructions for the defendant, referred to in the opinion, were as follows:

"(2) The court instructs the jury for the defendant that children who have arrived at sufficient age that they may be presumed in law to be capable of exercising some judgment and discretion and some care for their own safety, are held to the exercise of ordinary or reasonable care, and although this may not be necessarily the ordinary or reasonable care required of adults, yet it is the ordinary or reasonable care which ought to to be expected of children of the age, knowledge, experience and capacity of the child that was injured. The capacity, the intelligence, the knowledge and discretion of the child, the plaintiff in this case, are circumstances to be considered by you in arriving at your verdict, and you are further to consider the fact that the plaintiff in this case has lived all of his life in a city where they had electric lights and electric wires, and the fact that the plaintiff thus had opportunities to learn and appreciate the danger of such agencies, and if you believe from

the evidence in this case that the plaintiff had sufficient knowledge, intelligence, capacity and experience, gained by observation and otherwise, that he voluntarily and unnecessarily laid hold of the electric wire, knowing it would likely hurt him, and thus received his injuries, your verdict should be for the defendant."

"(3) The court instructs the jury for the defendant that if they believe from the evidence that the plaintiff, Sam Potera, is an intelligent boy for one of his years and that he unnecessarily left the sidewalk and went into the street where the fallen lamp and wire were, and that he had knowledge of the danger, and voluntarily laid hold of the wire with his hands, then he is guilty of contributory negligence and your verdict should be for the defendant."

"(5) The court instructs the jury for the defendant that if they believe from the evidence in this case that Sam Potera left the sidewalk and without cause or necessity went over into the street where a lamp of defendant had fallen to the ground, for the purpose of finding if there was a bird nest in the lamp, and that after he got to the lamp, he said: 'I bet you won't touch the wire,' and reached out with his hand without necessity and caught hold of the wire, knowing at the time that to touch it was dangerous, and because of this voluntary contact he was injured, then, in that case, the jury should find for the defendant, and this is true, even though the jury believe the city was negligent in the falling of the lamp, the insulation of the wire and continuing the current in the wire after the lamp had fallen."

"(6) The court instructs the jury for the defendant that if they believe from the evidence in this case that the accident was caused by Sam Potera unnecessarily or carelessly catching the wire with his hand at a time when he thought it would be likely to hurt him, then in that case the city is not liable for the injury; and this is true even though the jury believe the city was negligent in not insulating the wires and in the falling

of the lamp, and in allowing the current to flow through the wires after they were upon the ground."

*Cassedy & Sumrall,* and *T. Brady, Jr.,* for appellant.

On the trial of this case the city introduced no evidence to explain the falling of the electric lamp or the grounding of the wires, but relied solely upon its plea of contributory negligence and testimony in support of such contention. Corporations engaged in the business of transmitting electricity along public streets of crowded cities should be chargeable with the very highest degree of care for the safety of persons who are lawfully upon such streets, and must keep their poles, wires and lights in such condition as not to endanger the public welfare. It is negligence to allow the wires to become uninsulated. When an electric wire becomes detached in part from the system of which it is a part, and hangs from its fastening down into and upon the public highway, this constitutes a *prima facie* evidence of negligence. *Texarkana, etc., Elec. Light Co. v. Orr,* 59 Ark. 215; *New Ark Elec., etc., Co. v. Ruddy,* 62 N. J. L. 505, 57 L. R. A. 624.

A person using the public streets has the right to presume that they are free from dangerous obstacles, and the mere fact that he receives injury while on the street does not warrant a conclusion that he was guilty of contributory negligence. *Thomas' Admr. v. Mayersville Gas Co.* (Ky.), 53 L. R. A. 147; *McLaughlin v. Louisville Elec. Light Co.,* 34 L. R. A. 812.

The city had notice of the defective condition of the wires for sufficient time before the injury to have remedied the same.

The doctrine of *res ipsa loquitur* is applicable to this case, as it is shown that the electric lamp was down in the street where it had no right to be, that the wires leading from the electric light pole to the pendant lamp were also partially down and uninsulated. *Snyder v. Wheeling Electrical Co.* (W. Va.), 39 L. R. A. 499; *Herbert v. Lake Charles, etc., Co.,* 111 La. 522, 35 South. 731; *Memphis Street R. Co. v. Cartwright,*

110. Tenn. 277, 75 S. W. 719; *Fitzgerald v. Edison, etc., Co.* (Pa.), 86 Am. St. Rep. 732; *Parham v. Portland Elec. Co.,* 33 Ore. 431; *Mitchell v. Raleigh Elec. Co.,* 129 N. C. 166; *Gannon v. LaClede, etc., Co.,* 145 Mo. 502, 43 L. R. A. 505; *Mobile, etc., Co. v. Hicks,* 91 Miss. 273, 46 South. 360.

The appellant testified that he was "ten years old and going on eleven." At such age he was incapable of exercising judgment and discretion in regard to an unseen and secret and deadly agent such as is electricity. *Haynes v. Raleigh Gas Co.,* 114 N. C. 203, 41 Am. St. Rep. 786.

A child between seven and fourteen years of age is *prima facie* incapable of exercising judgment and discretion, but evidence may be received to rebut the presumption. The child's capacity must be pleaded and proved. *Westbrook v. Mobile, etc., R. Co.,* 66 Miss. 560; *Queen v. Dayton, etc., Co.,* 95 Tenn. 458, 49 Am. St. Rep. 87; *Foley v. California Horseshoe Co.,* 115 Cal. 184; *Pueblo, etc., Co. v. Sherman,* 81 Tex. 243.

The law does not define when a child becomes *sui juris* and does not fix any arbitrary age for discretion. Natural capacity, physical conditions, training, habits of life and environments all help to aid in the determination of the discretion of a child. *Stone v. Dry Dock, etc., Co.,* 115 N. Y. 104; *Railroad Co. v. Mackey,* 53 Ohio St. 370; *Lorenz v. New Orleans,* 38 South. 566; *Temple v. Electric, etc., Co.,* 89 Miss. 1, 42 South. 874; *Walter v. Baltimore Electric Light Co.,* 71 Atl. 953.

In the application of the doctrine of contributory negligence to children their conduct should not be judged by the same rule which governs that of adults; and while it is their duty to exercise ordinary care to avoid injuries of which they complain, ordinary care for them is only that degree of care which children of the same age and of ordinary care and prudence are accustomed to exercise under similar circumstances. *Cleveland Rolling Mill v. Corrigon* (Ohio), 3 L. R. A. 385; *Cincinnati Street, etc., Co. v. Wright,* 32 L. R. A. 340; *Dubiver v. City, etc., R. Co.,* 44 Ore. 227, 1 Am. & Eng. Ann. Cas. 889.

The question of contributory negligence as one of fact, to be passed upon by the jury on evidence in regard thereto.

The court below erroneously instructed the jury in the third charge granted in behalf of appellee that the appellant was guilty of contributory negligence if he was an intelligent boy for one of his years and if with knowledge of the danger he voluntarily laid hold of the wire with his hand. The question of appellant's negligence or freedom from negligence must be determined by the jury not alone from consideration of his intelligence but also from consideration of his age, knowledge and experience. Hence the granting of this instruction was error. *French v. Sale,* 63 Miss. 386; *Walton v. State,* 87 Miss. 296.

The second instruction for appellee was erroneous in that it was practically given on the weight of the evidence, and was argumentative in nature. *Levy v. Holberg,* 71 Miss. 66; *Prine v. State,* 73 Miss. 839; *Coleman v. Adair,* 75 Miss. 660; *Burt v. State,* 72 Miss. 408; *Brister v. Railroad Co.,* 84 Miss. 33.

*J. W. Cassedy* and *P. Z. Jones,* for appellee.

It was obligatory upon the appellant as plaintiff to show negligence upon the part of the city. *Cleveland, etc., R. Co. v. Crawford,* 24 Ohio St. 631, 15 Am. Rep. 633; *Mentzer v. Armour,* 18 Fed. 373; *Smith v. Memphis, etc., R. Co.,* 18 Fed. 304.

The rule is general that negligence is not to be presumed from the mere fact of injury but must be established from evidence. The presumption of law is rather that every party performs his duty properly and is not negligent unless shown to be so. 21 Am. & Eng. Ency. of Law (2d ed.), 510, 511; *Culberson v. Cresc. City R. Co.,* 48 La. Ann. 1376; *Railway Co. v. Williams,* 69 Miss. 631.

It has been held that it is misleading to charge a jury that when the presumption of negligence arises by virtue of the maxim, *"res ipsa loquitur,"* the burden of proof is shifted to

the defendant. The burden of proof of negligence remains on the plaintiff throughout the case and is not shifted by any presumption of negligence which may arise from the facts shown. The jury should consider the presumption of negligence merely on the question whether the plaintiff has or has not met the burden of proof. *Jones v. Union, etc., R. Co.,* 18 N. Y. App. Div. 267; *Bell v. Oil Co.,* 77 Miss. 387; *Schrader v. Railroad Co.,* 108 Mass. 322; *Allen v. Railroad Co.,* 88 Miss. 25.

It is not shown what caused the electric lamp and wire to fall into the street, nor is it shown that the appellee had such notice of the defective condition as would have given opportunity to correct or remedy the same. *Vicksburg v. Hennesy,* 54 Miss. 391; *Nesbitt v. Greenville,* 69 Miss. 22; *Cohea v. Coffeeville,* 69 Miss. 561; *Butler v. Oxford,* 69 Miss. 618.

The appellant, an Italian boy, testified that he was ten years old and going on eleven years, when the injury occurred; his father testified that the boy's age was between eleven and thirteen, he being unable to state the exact age. He testified, however, that the appellant helped him at his fruit stand and was an unusually intelligent youth. The question of the contributory negligence of such a boy was properly passed upon by the jury and resolved against appellant. The appellant now claims that the question of his contributory negligence was one for the court and not for the jury. This is an erroneous contention. 7 Am. & Eng. Ency. of Law (2d ed.) 408, 409; *Johnson v. Electric Light Co.* (Neb.), 17 L. R. A. (N. S.) 435; *Stark v. Traction, etc., Co.* (Mich.), 1 L. R. A. (N. S.) 822.

Streets and sidewalks are not for purposes of pleasure but for transportation and travel. *Jackson v. Greenville,* 72 Miss. 220. An infant using the highway and who deviates from the travelled part thereof without necessity or reasonable excuse and becomes injured by so doing is guilty of contributory negligence. *Goeltz v. Ashland,* 75 Wis. 642, 44 N. W. 770; *Casey*

*v. Malden,* 163 Mass. 507, 40 N. E. 849 ; *Hudon v. Little Falls,* 68 Minn. 463, 71 N. W. 678.

The general rule is that one is bound to travel in the worked part of the highway or street if it is in proper condition, and that damages will not be awarded for an injury received outside of such travelled part unless the traveller had sufficient cause to leave it. If he departs from the sidewalk or part of the street where he could have avoided injury and wanders off somewhere else in the highway, he assumes the risk of his experiment. 5 Thompson on Negligence, § 6296. See also *Bacon v. Taylor,* 62 Ohio St. 11, 56 N. E. 480 ; *Meridian v. Hyde* (Miss.), 11 South. 108 ; *Mayfield v. Webb,* 18 L. R. A. (N. S.) 179 ; *Clisby v. Railroad Co.,* 78 Miss. 937 ; *Farquhar v. Railroad Co.,* 78 Miss. 192 ; *Collins v. Railroad Co.,* 77 Miss. 855.

Although the maintenance of lines is wholly in the care of an electric light company owning the lines, yet the company's supervision cannot be constantly exerted on every identical part of its system ; and while it may be that most fallen wires show the construction or repair of the lines to be defective, yet the presumption of negligence may be rebutted if it be shown that the falling of the lines took place so short a while before injury therefrom as that the company could not with reasonable diligence have discovered the imperfection. *Butler v. Oxford,* 69 Miss. 618. And see notes to 31 L. R. A. 579. Notice, either actual or constructive, is absolutely essential to liability. 5 Thompson on Negligence, §§ 5969, 5966. The appellant's counsel recognized this rule and to shift the burden they sought to show notice given to the city by proof that information of the condition of the wires was imparted to a policeman. But where the officer is not charged with any duty whatever in respect to the nuisance or defect, notice to him will not be notice to the city. 28 Cyc. 1397, 1398, note 29.

Considerable stress is laid by appellant on the instructions

granted in favor of appellee. But the instructions are granted and to be considered together as one whole, and if it appear that the jury from all the instructions for plaintiff and defendant were given a clear and comprehensive view of the law, the judgment should not be reversed.

The appellant especially urges error on the part of the court below in having given the second instruction for appellee. But this instruction is upheld by the law. 1 Thompson Neg. § 309.

SMITH, J., delivered the opinion of the court.

Appellee owned and operated an electric light plant, by means of which its streets were lighted. On the evening of March 8th, or the morning of March 9th, between the hours of eleven o'clock p. m. and four o'clock a. m., one of the lamps used in lighting the streets fell, and was lying in the street on the morning mentioned, when, at about six o'clock, appellant, a boy ten or twelve years old, came in contact with one of the wires, which was then attached and conducting electricity to the lamp, and was injured in the head and hand, necessitating the amputation of the latter. Appellant testified that he was walking along the street, and did not see the wire, or know it was there, until he came in contact with it. The evidence of appellee showed that appellant and another boy were walking along the street, when they observed the lamp, and appellant proposed that they go over to it, and "see if there was a bird's nest in it;" that on reaching the lamp appellant said, "I bet you won't touch this wire," and then touched it himself, thereby receiving the injury. This lamp was not on the sidewalk, but was in the middle, and at the intersection, of two streets. There was a verdict and judgment for the city; hence this appeal.

In determining the city's liability, there was only one question for the jury to decide, and that was whether appellant was guilty of and chargeable with contributory negligence. Corporations, private or municipal, engaged in the business of transmitting electricity along highways, are charged with the

very highest degree of care for the safety of persons lawfully using the highway. They must not only properly erect their plants, but must maintain them in such conditions as not to endanger the public. *Temple v. Electric Light Co.,* 89 Miss. 1, 42 South. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698 ; *Walter v. Baltimore Electric Light Co.* (Md.), 71 Atl. 953. The mere fact that this lamp, with the wires attached thereto, bearing their invisible, but deadly, current, had fallen into the street, unexplained, was *prima facie* evidence of negligence on the part of appellee. *"Res ipsa loquitur."* There being no explanation of this fact, other than that shown by the evidence introduced by plaintiff, which was to the effect that the plant of the city was out of repair, appellant was entitled to recover, unless the jury believed that he was guilty of, and chargeable with, contributory negligence. It follows, therefore, that it was error to grant those instructions tendered by appellee which submitted the question of negligence on the part of the city to the jury.

Appellant, on account of his tender age, is *prima facie* presumed not to be possessed of sufficient discretion to make him guilty of contributory negligence for his failure, if such there was, to exercise due care for his safety. This presumption may be overcome by proof, in which event it becomes a question of fact for the jury. Even when chargeable with contributory negligence, a child of the tender age of appellant is not held to the same degree of care as is required of adults under similar circumstances, but only such care as it is capable of exercising, taking into consideration its age, experience, knowledge, and intelligence. Instructions Nos. 3, 5, and 6, granted appellee, withdrew altogether from the jury the question of whether appellant, by reason of his tender years, was possessed of sufficient discretion to permit his being charged with contributory negligence. This principle is referred to in instruction No. 3 ; but by it the jury were told that appellant was chargeable with contributory negligence "if he was an intelligent boy for

one of his years." This was not the test. The jury, from his age, intelligence, knowledge, and experience, must determine whether he possessed sufficient discretion to permit his being charged with negligence. Instruction No. 2, granted appellee, charged the jury that, in determining the question of contributory negligence, they must "consider the fact that the plaintiff in this case has lived all his life in a city, where they had electric lights and electric wires, and the fact that the plaintiff thus had opportunities to learn and appreciate the dangers of such agencies." This was error. It was argumentative, a charge on the weight of the evidence, and singled out and gave undue prominence to certain portions of the evidence, to the exclusion of the remainder.

*Reversed and remanded.*

Mayes, J., delivered the following specially concurring opinion.

I concur in the reversal of the judgment in this case, but do not think the opinion goes far enough. The secret and deadly agency which produced this injury to this unfortunate little boy was electricity, a force little understood by men of experience, and not comprehended at all by a child. I think the facts warrant the statement that the city had negligently allowed this lamp to fall in the streets, and but for this negligence the fallen lamp, with its deadly wires, would not have stood as a temptation to the boy to touch them. The injury which he received resulted from the negligence of the city, and caused the boy the loss of his hand, thereby maiming him for life. This court said, in the case of *Temple v. McComb City Electric Light Company,* 89 Miss. 1, 42 South. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698: "This court, so far as the exertion of its power in a legitimate way is concerned, intends to exert that power so as to secure, at the hands of these public utility corporations, handling and controlling these extraordinarily dangerous agencies, the very highest degree of skill and care."

Considering this case from the testimony of the city alone, on the claim that the little boy contributed to his own injury, it merely shows that because of the negligence of the city the wires were down, and the little fellow, having discovered this, boy-like, said to one of his little playfellows that they would go over to the lamp and see if there was a bird's nest in it. Reaching the lamp, the little boy said, "I bet you won't touch this wire," whereupon the little injured boy did touch the wire and received the injury in question.

The city claims that it is not liable for this injury, because the boy was guilty of contributory negligence, and voluntarily, by touching the lamp, brought on the injury complained of. I do not think, under the facts of the case, considering the age of the boy, and further considering the nature of the agency producing the injury, that there is any question of contributory negligence involved, or that such question ought to have been submitted to the jury. I concede that in many instances a child of this age may be guilty of contributory negligence, and that in many cases it is a question of fact which should go to the jury; but I do not think, under the facts of this case, where the injury is produced by a child so young voluntarily coming in contact with a live wire, negligently allowed to drop into the street, innocent in appearance, but yet charged with this mysterious and deadly current, the dangers of which are neither manifest nor capable of being comprehended by a child of his years, any sort of contributory negligence on the child's part can or ought to excuse from liability. A boy is venturesome and daring by nature, and this known habit should be recognized, and the boy be protected from being lured to his death by wires in the street. Even if this boy had lived in a municipality having an electric light plant all his life, it is impossible that he could have understood anything about it, or have supposed that the apparently harmless lamp in the center of the street by his mere touch would have inflicted upon him the injuries which he received. Children must be protected from

these deadly currents, and this can only be done by holding electric light companies or corporations responsible for any injury which happens through their negligence, where it is not overwhelmingly apparent that the child is old enough to fully appreciate the deadly danger that lurks in the charged wires.

On the facts of this case, I think a peremptory instruction should be given as to the liability of the city when this case is tried again, unless it plainly appears that the falling of this lamp or the injury to the boy was one of inevitable accident.