## WILLIAMS *v.* CITY OF CANTON.[*]

(Division A.   March 30, 1925.   Suggestion of Error Overruled
May 18, 1925.)

[103 So. 811.   No. 24702.]

1. ELECTRICITY. *Corporation, transmitting electricity along highways, must exercise highest degree of care.*

   A corporation, private or municipal, engaged in the business of transmitting electricity along highways or streets, is charged with the highest degree of care for the safety of persons lawfully using such highways.

2. ELECTRICITY. *Injury by wire fallen in street prima-facie evidence of negligence.*

   In a suit against a municipality owning and operating an electric light plant for the death of a child caused by coming in contact

with a highly charged wire which had fallen in a street, the fact, unexplained, that the wire had fallen in the street, was *prima-facie evidence of negligence on the part of the municipality.*

*Headnotes 1. Electricity, 20 C. J., Section 39; 2. Electricity, 20 C. J., Section 63; On liability of one maintaining electric wires over or near highway for injury due to breaking of wire by fall of tree or limb, see note in 19 A. L. R. 801; On liability for injury to children by hanging wires, see note in 17 A. L. R. 839; 9 R. C. L., p. 1209; 3·R. C. L. Supp., p. 945, 4 R. C. L. Supp., pp. 642-644.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Action by Sallie Williams against the city of Canton. From the judgment for defendant, plaintiff appeals. Reversed and remanded.

*Powell, Harper & Jiggetts,* for appellant.

## I.

THE COURT ERRED IN REFUSING TO GRANT CERTAIN INSTRUCTIONS TO THE PLAINTIFF. *Potera* v. *City of Brookhaven,* 95 Miss. 774, holds that the mere fact that the wires had fallen into the street, unexplained, was *prima-facie* evidence of negligence on the part of the appellee. *Potera* v. *Brookhaven,* is on all fours with the case at bar.

The defendant in the case at bar did not show nor did it attempt to show that the falling of the wire or the injury to the boy was one of inevitable accident. The defendant did·not explain, nor indeed did defendant attempt to explain how the wire happened to fall. Plaintiff introduced testimony showing that the wire was in a defective condition, showing that it had been in a defective condition for some time, and showing that the insulation on said wire was so rotten in places that it hung down in shreds from the wire. The city did not rebut this, the plaintiff showed that the defect of the wire was so open and notorious that the defendant by

the exercise of even the slighest care could, and should, have known that it was operating a wire in a defective condition.

It was the duty of the defendant· to use the utmost skill and care in dealing with the deadly agency of electricity. The courts of Mississippi have uniformly held that a corporation handling this deadly and unseen power for profit is accountable for the highest degree of care. *William Temple* v. *McComb City Electric Light & Power Company*, 89 Miss. 1. The case at bar is one of *res ipsa loquitur.* Our court has declared in a similar case, the Potera case that the doctrine of *res ipsa loquitur*, applied, See also *A. & V. Railway Co.* v. *Groome*, 97 Miss. 201.

Appellant submits that this wire presumably would not have fallen if due care had been exercised. Wires are not in the habit of falling promiscuously and without cause. Yet the city did not attempt to give any valid reason why it did fall, though the appellee did attempt to show one way in which it did not fall. The presumption in the case at bar, as clearly shown, is that the defendant was negligent. The defendant failed in its obligation to rebut the presumption by evidence of due care. Therefore the doctrine of *res ipsa loquitur* applies and a peremptory instruction should have been granted the plaintiff.

## II.

THE COURT IMPROPERLY GRANTED TO THE DEFENDANT THE FOLLOWING INSTRUCTION: "The presumption of the law in this case and until the contrary is proved is that the defendant is not liable."

We cannot place any other interpretation on this instruction than that it means that the defendant is not to be presumed to be *prima facie* negligent. To the contrary our court has held that where a wire had fallen, unexplained, the presumption is against corporations owning and operating the said wire. If the above instruction does not carry our interpretation it is at least

so ambiguous as to be harmfully misleading. We submit that the instruction should not have been granted and that the court erred in so doing.

### III.

THE FOLLOWING INSTRUCTION WAS IMPROPERLY GRANTED: "The court instructs the jury that if they believe from the evidence that it is the usual practice of Electric Light Companies to use their wires after the insulation has worn off and that such practice and use are as reasonably safe as if the insulation had not worn off, then the city of Canton was not negligent in using its wires while uninsulated and in such case you cannot award any damages because of such uninsulation."

This instruction is contrary to the law of this state. Whether other Electric Light Companies operate their wires uninsulated is immaterial to the case at bar. Our court holds that insulation of wires is necessary to that degree of care to which those operating electric wires are held. *Laurel Light & Railway Company* v. *Jones*, 102 So. 1.

### IV.

THE VERDICT IS CONTRARY TO THE LAW AND THE EVIDENCE. The city of Canton was burdened with the duty of using the greatest degree of skill. The presumption of the law is that the effect of a fallen charged wire unexplained, is *prima-facie* negligence. The evidence produced in this case showed that the wire did fall and that the *prima-facie* evidence of negligence was neither rebutted nor attempted to be rebutted.

In the case at bar the evidence shows that the defendant below had not exercised the care which the law requires nor had they measured up to the grave responsibility which is imposed upon those who would derive profit from the sale of so deadly an agency as electricity. The evidence showed that a child of tender age, incapable of exercising discretion, young, irresponsible and

unthinking, picked up from the street a deadly wire owned and operated by the city of Canton.

The decisions of our highest court say that negligence in such a case as the one at bar is *prima facie.* The city neither met its duty of rebutting, nor did it attempt to do so. The evidence showed a child of tender years and indiscretion a victim of the city's negligence. The verdict then is neither supported by the law nor by the evidence.

*H. B. Greaves,* for appellee.

The appellants in their assignment of errors, A, B, and C complain that the court refused to give them the instructions there asked. Instructions A and B announce to the jury that the fact of the child's death from contact with the wire on the ground was *prima-facie* evidence of the negligence of the city, and casts the *onus* of exculpating itself from blame on the city. Instruction C was a peremptory instruction to find for the plaintiff. These instructions were evidently based on the opinion of the court delivered in *Potera* v. *City of Brookhaven,* 95 Miss. 774; *Temple* v. *McComb City Electric Light & Power Co.,* 89 Miss. 1; *A. & M. V. Railroad Co.* v. *Groome,* 97 Miss. 201, on the theory that this case at bar calls for the imposition of the doctrine of *res ipsa loquitur.*

After considering the facts of this case, the only issue presented to the court and jury at the trial of this case was whether or not the servants in felling the trees broke the wire and went off and left it down, and unguarded, whereby the child was killed. This was the only contention of the plaintiff and all the evidence was directed to such issue. While the contention of the city was,—it was due to an accident in no way traceable to its negligence. On both of these issues, the jury found for the defendant.

The *prima-facie* case made by showing the wire was down and the child killed thereby was waived by the

plaintiff when the plaintiff attempted to show by`
the proof how the wire came to be down, and this proof
was met by the city. When the facts as to an injury are
in evidence, the presumption disappears and negligence
must then be determined alone from facts. *Southern
Railroad Company* v. *Daniells*, 108 Miss. 359.

Practically all the previous authorities on this sub-
ject are grouped in this opinion. This opinion is cited
and approved in *I. C. Railroad Co.* v. *Gray*, 118 Miss.
612; *Davis* v. *Elzy*, 126 Miss. 789; *Kooter* v. *Railroad
Co.*, 87 Miss. 482; *Railroad Co.* v. *Hummudt*, 98 Miss. 273;
*Railroad Co.* v. *Thornhill*, 106 Miss. 387. Proof of the
circumstances connected with the injury removes all
grounds for resorting to the legal presumption; see
*Owen* v. *I. C. Railroad Co.*, 77 Miss. 142, and *Nicholas*
v. *I. C. Railroad Co.*, 83 Miss. 126.

COOK, J., delivered the opinion of the court.

This suit was instituted against the appellee, the
city of Canton, seeking to recover damages for the death
of a negro boy about ten or eleven years of age, who was
killed by coming in contact with a wire owned and op-
erated by the said city and which was highly charged
with electricity. The declaration charged no specific act
of negligence, but alleged generally that the city care-
lessly and negligently allowed this wire to fall and re-
main in the street. There was a verdict in favor of the
city, and, from the judgment entered in pursuance of
this verdict, this appeal was prosecuted.

The material facts disclosed by the record are sub-
stantially as follows: The city of Canton owned and op-
erated an electric light plant, by means of which its
streets were lighted and electrical current was furnished
to the citizens of the municipality. On the 22d day of
June, 1923, a certain primary wire which was strung
from pole to pole along a street of the city, and which
was carrying a current of high voltage, fell to the ground
and lay in the street. A short while after the wire had

fallen a small negro child about ten or eleven years of age, while proceeding along this street, came in contact with this highly charged wire and was instantly killed.

The plaintiff introduced a number of witnesses whose testimony tended to show that the wire was broken by the servants of the city, who were engaged in felling a tree along the side of the street; that, when this tree fell to the ground, the limbs thereof caught this wire and broke it; and that these city employees left the wire on the ground unguarded and without giving any notice to the public that the wire was down and dangerous. This testimony was contradicted by several witnesses for the city, who testified that, when this tree fell, the limbs thereof did not touch this wire, that it was not broken by the falling of this tree; and that the wire had not fallen at the time these employees left the place where the accident occurred shortly thereafter, but it was admitted by the city that this highly charged wire did fall in the street, and no explanation of that fact, or reason therefor, was given or attempted.

In an effort to show that it was free of negligence, the city offered a great mass of testimony tending to show that its plant, poles, wires, and equipment were of standard construction and in good repair, the skill and competency of its agents, servants, and employees, the kind and size of poles and wires used, the length of time these wires had been in use, the frequency and nature of inspections made by its agents, etc.

It has been repeatedly held by this court that corporations, private or municipal, engaged in the use of electricity for business purposes and in transmitting it along highways and streets, are charged with the very highest degree of care for the safety of persons lawfully using the highway or street, and "they must not only properly erect their plants, but must maintain them in such conditions as not to endanger the public." *Temple* v. *Electric Light Co.*, 89 Miss. 1, 42 So. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698, 10 Ann. Cas. 924; *Potera*

v. *City of Brookhaven*, 95 Miss. 774, 49 So. 617; *Laurel Light & Ry. Co.* v. *Jones* (Miss.), 102 So. 1.

The controverted fact as to whether the wire was negligently broken by the servants of the city in felling a tree was, under the instructions of the court, submitted to the jury, and by its verdict the jury resolved this fact against the plaintiff, but the fact that the wire, carrying this deadly current, fell in the street, remained unexplained. Since the fact that the wire had fallen in the street was unexplained, the doctrine of *res ipsa loquitur* applied, and the presumption of negligence arose as a matter of law, and was sufficient to make out a *prima-facie* case for the plaintiff, and it thereupon devolved upon the defendant to meet, or rebut this *prima-facie* case by evidence that it exercised the highest degree of care in maintaining its wires in such condition as not to endanger the public. Upon the proof of this record, we think that was a question for the jury under proper instructions.

In granting and refusing instructions to the jury, the court below proceeded throughout on the erroneous theory that no presumption of negligence arose from the unexplained fact that this dangerous wire fell in the street. The instructions requested by the plaintiff upon this point, and refused by the court, were either peremptory in form or inaccurately drawn, and consequently correctly refused, but the court granted the defendant two or more instructions, charging the jury, that, under the facts of this case, no presumption of negligence existed. These instructions were erroneous, and the judgment of the court below must therefore be reversed, and the cause remanded.

*Reversed and remanded.*