Mississippi Power & Light Company *v.* Dulaney, et al.

No. 41556          October 24, 1960          123 So. 2d 845

*Lyon, Davis & Cook,* Indianola; *Bethel Ferguson, Green, Green & Cheney,* Jackson, for appellant.

462

464

*Robert D. Everitt,* Ruleville; *Watkins & Eager,* Jackson, for appellees.

HALL, P. J.

The appellees recovered judgment against appellant in the amount of $15,925 for damages to the Ruleville Lumber Company because of a fire which occurred on January 13, 1958. It was charged and proved that the Power Company was operating a high voltage electric line in proximity to the plant of the Ruleville Lumber Company without a proper circuit breaker or fuse which would cut off the electricity from said lines when the same came in contact with each other or with the property of the appellees.

The last witness who testified in the case was a consulting electrical engineer for over thirty years and who admitted that if three weeks prior to the electrical disturbance and fire on the night of January 13th two wires in the vicinity of the one that fell on the night of the 13th became crossed and fused and had to be separated with a "hot stick" (which was proved definitely by other witnesses) would indicate that there was some defect in the construction or maintenance of that line to cause the occurrence to take place, and that when the two lines came together and were at least temporarily fused by the strength of the current that probably damaged one or both of the lines by pitting, and it would not have been a good electrical practice to tighten one of those lines without an inspection to see to what extent it was damaged or pitted without replacing the line or inspecting to see the extent of the damage.

In the case of Temple v. McComb Electric Light and Power Company, 89 Miss. 1, 42 So. 874, Judge Whitfield laid down the law of Mississippi, as follows: "The corporations handling the dangerous agency of electricity are bound, and justly bound, to the very highest measure of skill and care in dealing with these deadly agencies. The appellee had the right to such reasonable use of

the streets for its poles and wires as the conditions existing at the time in the community warranted. On the other hand, the appellant had the reciprocal right to what was a reasonable use of the streets on his part. The rights of the appellant and the appellee are mutual and reciprocal. Neither could so use his own rights as to wantonly injure the other. These two correlative rights, if the law is obeyed, operate in perfect harmony with each other. There are no interferences, and no vacancies in the sphere of their harmonious movement."

In the case of the Mississippi Power Company v. Thomas, 162 Miss. 734, 140 So. 227, Judge Griffith, speaking for the Court, said: "But in the case at bar the evidence discloses without serious dispute that the offending wire had been in a dangerously low position for a period of at least one week, and this over a frequently traveled public highway within the corporate limits of the town. Much of the evidence is to the effect that the dangerous condition had existed for ten days or two weeks. Taking, however, the shorter period of time first mentioned, that is to say, one week, we do not hesitate to say that, as a matter of law, this was a period of time sufficient to charge the company with constructive knowledge. To hold otherwise would be either to deny the duty of inspection, or else to say that the periods thereof could be so far apart as to be of little practical value."

Negligence of the Power Company was proved without question in this case, and the jury was abundantly warranted in finding as it did. Hence the judgment of the circuit court must be, and it is, hereby affirmed.

Affirmed.

*Lee, Kyle, Holmes* and *McElroy, JJ.*, concur.