[Civ. No. 7713.   Third Dist.   Dec. 12, 1949.]

DELSIA LUPER LEWIS, Individually and as Guardian ad litem, etc., et al., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

Miller & Kroloff, Jack Miller and Ralph E. Kingston for Appellants.

Robert H. Gerdes, John J. Briare and Neumiller, Ditz, Beardslee & Sheppard for Respondent.

PEEK, J.—This is an appeal from a judgment of nonsuit entered in an action brought by the plaintiff on her own behalf and as guardian ad litem of her three minor children to recover damages for the alleged wrongful death of Willard Lewis, her husband and father of her children.

The complaint alleged that certain high powered lines of the defendant were so negligently strung, maintained and operated as to cause them to come into contact with a crane upon which decedent was working, thereby causing his death. It was further alleged that defendant had knowledge of the construction project on which decedent was working and of the presence of workmen at said place.

Defendant's answer denied the allegations as to their negligence and alleged that the decedent was contributorily negligent.

At the conclusion of plaintiffs' case the defendant moved for a nonsuit, which motion was granted, and from the judgment entered pursuant thereto plaintiffs have appealed.

Reviewing the evidence, as we must, in the light most favorable to plaintiffs it appears that on the date of the fatal accident decedent was employed an an oiler by the Stockton Construction Company, which firm was then engaged in constructing an underground sewer line for the city of Stockton along Charter Way, a public street. The fatal accident, however, occurred outside the Stockton city limits. By virtue of a franchise defendant, at the time of the accident and for some time prior thereto, maintained a high voltage power line parallel to the southerly edge of Charter Way at a height of approximately 26 feet above the ground. The sewer line also was being laid parallel to the southerly edge of said street. Immediately preceding the accident decedent was helping to move sections of concrete pipe from a field south of said street to where the excavation was being made for the sewer line. A self propelled crane having a boom of 26 feet was used to move the pipe. Decedent's particular duties were to attach a large hook to each section of pipe, after which the crane would move it to the excavation where decedent would release the hook, and the operation would be repeated

as each section of pipe was so moved under the power lines. The fatal accident occurred when the boom, in swinging back toward the field after releasing a section of pipe, struck one of the power lines, electrocuting decedent. Although there were no eyewitnesses to the actual electrocution the briefs of both parties state that at the time of the contact decedent still had the hook in his hand. Neither the decedent nor the crane operator had worked on the job prior to that morning and neither knew what voltage the line carried. The crane operator testified that they did not know they were working under a high power line; that they thought at most the line carried only 400 volts since it appeared to them to be a very small line apparently running to a small pump house. No warning signs of any kind were in evidence. The defendant stipulated that it had knowledge that the sewer line was to be installed.

It is appellants' contention that the evidence establishes without contradiction that for several months prior to the time of the fatal accident defendant knew of the construction work; that it knew such work would involve the use of a crane and knew or should have known that the particular crane in actual operation was being so used; that no warning signs were attached to the high power lines, and that such evidence posed a question of fact as to whether or not defendant had violated a duty it owed decedent which violation was the proximate cause of his fatal injury.

In *Lozano* v. *Pacific Gas & Elec. Co.*, 70 Cal.App.2d 415, 420 [161 P.2d 74], this court stated that "to constitute actionable negligence three elements must occur : (1) The legal duty to use due care; (2) a breach of that duty; and (3) proximate causation between the breach and the injury." ▉ As so used the phrase "legal duty" does not mean that one who maintains high voltage lines must anticipate at his peril every possible accident which might occur. (*Sweatman* v. *Los Angeles Gas & Electric Corp.*, 101 Cal.App. 318 [281 P. 677].) However, it does mean that if from all of the circumstances it could reasonably have been anticipated that an accident of the general nature as that which killed decedent herein would occur, then defendant failed in its duty to use proper care by its failure to warn of the high voltage lines. In other words the duty of care is that duty which is commensurate with and proportionate to the reasonably foreseeable consequences.

▉ The record, when examined in the light of such rule, does not sustain appellants' contention. Mere knowledge alone

that public improvements are to be made is insufficient. Thus, although it does appear that the defendant had knowledge of the proposed construction of the sewer project, there is nothing in the record indicating that it knew or should have known that a crane of the type then being operated by decedent's employer would be so used, that a crane was customarily used in such construction work or that if a crane were to be employed it would be so used near defendant's power lines.

Appellants in further support of their contention cite and rely upon section 31.1 of rule 95 of the Public Utilities Commission, which rule is entitled "Design, Construction and Maintenance" of power lines, and among other things places upon the owners and employees of electrical systems the duty to "at all times exercise due care to reduce to a minimum the hazard of accidental injury" to others due to the presence of overhead wires. That section is but another statement of the rule previously enunciated, and since the evidence herein does not disclose that the defendant failed to exercise due care the same result obtains.

In view of the conclusion reached in regard to the absence of a legal duty imposed upon defendant under the circumstances, to warn decedent of the high voltage lines, it becomes unnecessary to consider the question of decedent's contributory negligence arising from the uncontradicted evidence that he had actual knowledge of the presence of the power lines, although unaware of the voltage carried thereby.

From the foregoing it follows that the court did not err in granting the motion for nonsuit.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 8, 1950.