HORTON, Chief Judge.
Appellant, Florida Power & Light Company, which was a defendant below, seeks review of a final judgment entered pursuant to a jury verdict for the plaintiff-ap-pellee in a wrongful death action. The L. E. Myers Co., also a defendant below, has filed a separate appeal.
The facts, although more fully stated in the companion appeal, L. E. Myers Co. v. Barrs, Fla.App., 127 So. 895, briefly are that the deceased was killed when the boom •of a crane contacted a high tension wire while he held the crane cable. The L. E. Myers Co. had installed and energized the high tension wires and had notified the appellant power company on the date of completion that the wires had been energized. The fatal injury occurred four days later.
The appellant has raised six points directed to statements of appellee’s counsel •during trial, error in rulings on evidentiary matters, and errors in charging the jury. These points were considered in the companion appeal and were held to be without merit. The appellant has raised four additional points, one relating to an evidenti-ary ruling and another directed to a ruling regarding jury instructions. These have been considered and found to be without merit.
The thrust of appellant’s remaining points is directed to the alleged failure of the record to reveal circumstances sufficient to support a duty upon the appellant power company to give notice of the danger which the newly energized wires created. This argument is based upon two premises— first, knowledge of construction work or improvements, even of such a nature where cranes can be expected, is not sufficient to predicate liability for failure to notify;[1] and second, there is no duty to give notice to persons already possessed of knowledge of the danger.[2] Clearly though, where the facts peculiar to the case are such that the probability of contact between the power company’s wires and a crane or other movable object is reasonably foreseeable, the power company has been held liable for injury or death resulting from such contact. Annotation 69 A.L.R.2d 93, 152, and cf. Richmond v. Florida Power & Light Co., Fla.1952, 58 So.2d 687.
 We have carefully reviewed the record and find competent evidence, which, if believed by the jury, would sustain a finding that the appellant had knowledge of the crane’s use in close proximity to the power lines. Likewise, there is evidence from which the jury could have concluded that the deceased did not have knowledge that the wires were energized. The jury’s determination of liability was not contrary to the evidence or the applicable principles of law.
Accordingly, the judgment appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.

. Godwin v. Florida Power and Light Co., Fla.App.1958, 107 So.2d 625; Lewis v. Pacific Gas & Electric Co., 95 Cal.App. 2d 60, 212 P.2d 243.

. Margrabe v. Graves, Fla.1957, 97 So.2d 498.