## JOHN FORBES v. CITY OF ROCKY MOUNT.

### (Filed 18 February, 1914.)

**1. Electricity—Trials—Negligence—Evidence.**

In an action to recover damages for an injury caused the plaintiff by a shock from a live electric wire alleged negligently to have been left hanging upon the street of a town, evidence of negligence in regard to another wire about a block away whereby another person was injured is irrelevant and incompetent, and its admission is reversible error.

**2. Same—Subsequent Conditions.**

Evidence of negligence in regard to electric wires of a defendant company, operating a light and power plant, existing a long time subsequent to the date of the injury complained of, in this case for more than two years, is irrelevant and incompetent, and its admission constitutes reversible error.

APPEAL by defendant from *Connor, J.,* at October Term, 1913, of EDGECOMBE.

Civil action, tried upon these issues:

1. Was the plaintiff Norman Forbes injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff Norman Forbes contribute to his injury by his own negligence? Answer: No.

3. What sum, if any, is plaintiff Norman Forbes entitled to recover as damages? Answer: $2,500.

4. What sum, if any, is plaintiff John Forbes entitled to recover as damages? Answer: $250.

From the judgment rendered, the defendant appealed.

*E. B. Grantham, H. A. Gilliam, James M. Norfleet for plaintiff.*

*L. V. Bassett, T. T. Thorne, and W. O. Howard for defendant.*

BROWN, J. The plaintiff sues the defendant for damage for a personal injury received by coming in contact with an electric light wire of the defendant's municipal plant, hanging down over the street. The plaintiff was riding a bicycle and attempted to push the wire out of his way, and was thrown to the ground and burned. The defendant assigns error:

1. For that the court erred in permitting the defendant's witness Martin to testify, on cross-examination, over defendant's objection, as follows, towit:

Q. What was the cause of that wire falling about 30 yards below there at the time Mr. Warren was hurt, if he was hurt? A. That was a guy stub that was setting on the side of the street, and a wagon ran against it and broke it off, and that dropped the guy on the high tension wire. I don't know how long the wire stayed in the streets; I don't know whether it was in the street six weeks or not. I have not a record of what happened then. I don't know whether that wire stayed down nearly six weeks or not. I don't know anything about any children playing with that wire before Mr. Warren was hurt. I do not know anything about the town of Rocky Mount paying Mr. Warren $6,000. I did not know Mr. Thorne represented him. I know a gentleman was hurt there, but that is all. I don't know about anybody else being hurt except this little boy here. The two places where the two accidents happened are not far apart. I think Mr. Warren was hurt on the next corner. It was not the same wire that hurt him.

The basis of this assignment of error is that the foregoing evidence was not relevant to the matter in issue, and, not being competent, should have been excluded.

We think the evidence both irrelevant and incompetent. The admission of it introduces another controversy wholly unrelated to that before the jury, and was highly prejudicial to the defendant. 1 Wigmore, 556; *Cheek v. Lumber Co.,* 134 N. C., 225; *Grant v. R. R.,* 108 N. C., 470; *Bottoms v. Kent,* 48 N. C., 154.

The defendant again assigns error, for that the court erred in permitting the plaintiff's witness Hoffer to testify, over the defendant's objection, as follows, towit:

Q. Please tell the jury briefly about the last Sunday a week ago when you, Mr. Grantham, Mr. Gilliam, Mr. Dickson, and Mr. Forbes went there to look at that situation. Describe to the jury whether that 2,300-volt wire was hanging against any others. A. This circuit is underneath the wire that was broken down, and the loop comes down by the side of the pole and lays

up against two pairs of telephone wires, and the other side comes up and continues on. The wind, or the jar of the pole, could naturally wear the insulation off, and in that way in wet weather there is bound to be a leak and burn the wires down. Anybody coming in contact with those wires would receive a severe shock.

This evidence is also irrelevant and incompetent. It relates to conditions existing evidently only a week before the trial of this case and more than two years subsequent to the date when the plaintiff was injured.

Such evidence was prejudicial to defendant, and should not have been admitted. *Cheek v. Lumber Co., supra.*

New trial.