ROBERT PARKER BY HIS NEXT FRIEND, W. P. PARKER, v. CHARLOTTE ELECTRIC RAILWAY COMPANY.

(Filed 5 May, 1915.)

**Electricity—Street Railways—Trials—Evidence—Nonsuit.**

In an action against an electric railway company to recover damages for an injury alleged negligently to have been inflicted by it upon a 13-year-old boy, the evidence tended only to show that the plaintiff, with other boys, was upon the defendant's railway bridge, placed underneath which, at a distance of 12 inches, ran the defendant's feed wire; that the plaintiff and others were playing on this bridge, had reached down endeavoring to touch the feed wire, and upon being dared by the others to do so, the plaintiff succeeded in touching the wire and received the injury complained of. *Held,* the consequences resulting in the injury could not reasonably have been foreseen by the defendant and affords no evidence of its actionable negligence.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1914, of MECKLENBURG.

Civil action. At the conclusion of the plaintiff's evidence the court sustained the motion to nonsuit. The plaintiff appealed.

*Brevard Nixon, E. T. Cansler, J. D. McCall and C. B. Fetner for plaintiff.*

*Osborn, Cocke & Robinson for defendant.*

BROWN, J. This action is brought by the plaintiff, a boy 13 years of age, to recover damages for an injury sustained on account of his touching an electric feed wire of the defendant. The evidence proves that this feed wire ran under a bridge maintained by the defendant over a cut between the city of Charlotte and the village of Hoskins.

The cars of the defendant ran underneath this bridge, and under it are its trolley wires and feed wires. The feed wire is about 12 inches below and underneath the bridge. Several boys were playing on this bridge, the plaintiff being among them. One of the boys reached down through the floor of the bridge, endeavoring to touch the feed wire. He failed to do so, and some one dared the plaintiff to touch it. The plaintiff got down on his knees on the floor of the bridge, reached his hand between the lower railing and floor, and succeeded in touching the feed wire and received a shock, from which he was injured.

Upon this state of facts, we think his Honor properly sustained the motion to nonsuit.

The case differs very materially from *Benton's case,* where an uninsulated wire was allowed to run through the top of a tree which boys were in the habit of climbing. It would seem that the defendant in this case had exercised every possible care in the disposition of its wires and had no reason to expect that a 13-year-old boy would lay down on the bridge and endeavor to touch them.

The injury to the plaintiff evidently resulted from his own independent act in purposely getting the wire within his reach; and under the circumstances such action could not have reasonably been foreseen. *Trout v. Electric Co.,* 84 Atl., 967.

Affirmed.