*Pottle, Hardwick, Farkas & Cobb,* for plaintiff in error.
*W. H. Burt,* contra.

20922, 20923. CALLAWAY *v.* CENTRAL GEORGIA POWER COMPANY; and *vice versa.*

STEPHENS, J. 1. Although an electric company may be chargeable with knowledge that children play along the streets of a city, it can not reasonably be anticipated that children, while at play in the streets of the city, will, by throwing a loose wire, make contact with the company's uninsulated wires strung over a street at a height of twenty feet only. It follows that the erection and maintenance by an electric company of highly charged uninsulated wires over the street of a city, erected at a height of twenty feet, in the absence of any legal duty placed upon the company to insulate its wires or to maintain them at a higher distance from the ground, is not negligence as respects a child playing in the street, who, in play, accidentally throws a small wire attached to a spool over one of the company's wires and thereby receives an electric shock which injures him. Green *v.* West Penn Railways Co., 246 Pa. 340 (92 Atl. 341, L. R. A. 1915C, 151); Stark *v.* Muskegon Traction Co., 141 Mich. 575 (104 N. W. 1100, 1 L. R. A. (N. S.) 822); Mayfield Water & Light Co. *v.* Webb's Administrator, 129 Ky. 395 (111 S. W. 712, 18 L. R. A. (N. S.) 179, 130 Am. St. R. 469); New York, Chicago & St. L. Railroad Co. *v.* Ropp, 76 Ohio St. 449 (81 N. E. 748, 11 L. R. A. (N. S.) 413); *Brown* v. *Panola Light & Power Co.,* 137 *Ga.* 352 (73 S. E. 580). See note 42 L. R. A. (N. S.) 713; Temple *v.* Mc-Comb City Electric Light Co., 89 Miss. 1 (42 So. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. R. 698, 10 Ann. Cas. 924).

2. It was not error to admit in evidence copies from the minutes of the mayor and aldermen of the city, evidencing the permission of the city to the electric company to erect its wires along the streets of the city, upon the ground that a blue print submitted by the company, referred to in the ordinance copied in the minutes as containing the specifications for the erection of the wires, was not also offered in evidence.

3. Whether the city, when the wires were erected, imposed as a condition upon the electric company that the poles be sixty feet high, this condition upon the electric company was necessarily waived by the city's acquiescense for sixteen years in the maintenance of the wires upon poles at a height of twenty feet only. *South Georgia Power Co.* v. *Smith*, 42 *Ga. App.* 100 (2) (155 S. E. 80). The exclusion of parol testimony, that when the wires were originally erected the mayor and council of the city authorized their erection by the electric company on condition that they be erected at a height of sixty feet, was not error.

4. In a suit in behalf of a child injured as indicated above, the court, under the foregoing rulings, did not err in excluding or admitting testimony, or in directing a verdict for the defendant.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*Smith & Smith, G. A. Pindar, A. M. Zellner,* for plaintiff.

*Brock, Sparks & Russell, Willingham & Willingham,* for defendant.