JAMES OSBORNE, BY HIS NEXT FRIEND, M. A. OSBORNE, v. ATLANTIC ICE AND COAL COMPANY, INC., AND M. A. OSBORNE v. ATLANTIC ICE AND COAL COMPANY, INC.

(Filed 1 January, 1935.)

**Negligence B e—Injury in this case held not foreseeable in exercise of due care, and defendant's motion of nonsuit was properly granted.**

The evidence tended to show that plaintiff, an eleven-year-old boy, was walking along the highway, and that defendant's truck driver attempted to stop the truck to give plaintiff a ride, but that because of defective brakes the driver was unable to stop the truck before reaching plaintiff, that plaintiff attempted to jump on the truck as it went by him and fell to his injury, and that the truck traveled fifteen feet after plaintiff fell before it could be stopped: *Held,* the injury to plaintiff by reason of the defective brakes could not have been foreseen in the exercise of due care, and foreseeable injury being a necessary element of proximate cause, defendant's motion as of nonsuit should have been allowed.

18—207

APPEALS by the plaintiffs from *Clement, J.,* at February Term, 1934, of DAVIDSON.   Affirmed.

*Spruill & Olive for appellants.*
*Don A. Walser and Linn & Linn for appellee.*

PER CURIAM.   The minor plaintiff, by his next friend, instituted an action for personal injuries alleged to have been inflicted upon him by the negligence of the servant of the defendant company.   The father of the minor plaintiff instituted suit to recover for the loss of services of his son.   The two cases were consolidated for the purposes of trial.

Construing the evidence most favorably to the plaintiffs, it appears that the defendant's servant was driving a truck loaded with ice in the business of his master.   The driver, overtaking the minor plaintiff, a lad seven years old, on the highway, called to him and asked him if he wanted to ride, and the plaintiff replied that he did.   Whereupon, the driver applied the brakes of the truck, which slowed down but went beyond the plaintiff before stopping.   As it slowed down and went past him the plaintiff jumped on the moving truck, catching hold of the door, and, as he did so, fell or was thrown from the truck and injured.   The brakes of the car were defective, and the car went some fifteen feet before stopping after the boy had fallen.

Persons are held liable by the law for the consequences of their acts, which they can and should foresee, and by reasonable care and prudence guard against.   The act of the minor plaintiff in jumping upon and falling from the moving car was not such as the defendant in the exercise of due care could have reasonably foreseen, and to make such a requirement of it would, in the language of *Brogden, J.,* in *Gant v. Gant,* 197 N. C., 164, "practically stretch foresight into omniscience.   The law does not require omniscience."   The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor.   Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.   In these cases there is an absence of foreseeable injury, and consequently there was no error in entering the judgments as of nonsuit, and they are therefore

Affirmed.