WILTON STANLEY, BY HIS NEXT FRIEND, ARTHUR STANLEY, v.
THE TOWN OF SMITHFIELD.

(Filed 17 March, 1937.)

**Electricity § 5—Injury from uninsulated wire 23 feet above ground held not foreseeable.**

A complaint alleging that plaintiff, an eleven-year-old boy, was injured when he accidentally threw a small wire attached to an improvised spool across a heavily charged, uninsulated electric wire suspended approximately 23 feet above the ground on a main public highway, *is held* not to state a cause of action.

APPEAL by plaintiff from *Cranmer, J.,* at September Term, 1936, of JOHNSTON. Affirmed.

This is an action for actionable negligence, brought by plaintiff against defendant, alleging damage. The defendant demurred to the complaint.

The court below rendered the following judgment: "This cause coming on regularly to be heard before his Honor, E. H. Cranmer, Judge presiding, and the defendant having filed a demurrer herein contending that the complaint upon its face does not state facts sufficient to constitute a cause of action, and the same being heard upon said demurrer, and the court being of the opinion that the complaint does not state a cause of action against the defendant, and so holding: It is therefore ordered and adjudged by the court that said demurrer be and the same is hereby sustained, and that this cause be and the same is hereby dismissed.

E. H. CRANMER, *Judge Presiding."*

To the foregoing judgment the plaintiff excepted, assigned error, and appealed to the Supreme Court.

*John A. Narron and Leon G. Stevens for plaintiff.*
*Ward, Stancil & Ward for defendant.*

PER CURIAM. The question involved: "Does the complaint state a cause of action wherein it is alleged that a minor boy eleven years old suffered serious bodily injury from an electric current coursing through his body, while at play, on a main well-traveled public highway, when he accidentally threw a small wire attached to an improvised spool across the uninsulated electric wires of the defendant whereon 2300 volts of electricity were being transmitted and approximately twenty-three feet above the surface of the ground?" We think not.

The plaintiff cites many decisions in this State sustaining liability, but none go so far as the facts in the present cause. We think the court below correct in sustaining the demurrer of defendant. *Parker v. R. R.,* 169 N. C., 68.

The judgment of the court below is

Affirmed.