HURLEY M. WATKINS v. TAYLOR FURNISHING COMPANY, INC.

(Filed 22 November, 1944.)

**1. Negligence §§ 4b, 19a—**

In an action for damages from injuries to plaintiff by the alleged negligence of defendant, where all the evidence tended to show that defendant had installed two pairs of "magic eye" doors, opening from its store into the street, which were operated electrically and by compressed air and springs, that the plaintiff entered through the left side of the double door opening, the door on the left side being partially open, and that the door on the left side suddenly closed and caught plaintiff between said left door and the other door or door frame causing injury, there is a total lack of evidence of negligence and motion for judgment of nonsuit was properly allowed.

**2. Negligence §§ 4b, 19c—**

The proprietor of a store is not an insurer of the safety of a customer while on the premises, and the doctrine of *res ipsa loquitur* is not applicable.

**3. Same—**

The only duty, required of the owner of a store for the protection of his patrons, is the exercise of ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils and unsafe conditions in so far as can be ascertained by reasonable inspection and supervision.

**4. Negligence § 5—**

Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injuries negligently inflicted.

APPEAL by plaintiff from judgment as in case of nonsuit entered after all the evidence was in (G. S., 1-183) by *Johnson, Special Judge,* at January Term, 1944, of WAKE.

*Douglass & Douglass and E. D. Flowers for plaintiff, appellant.*
*T. Lacy Williams for defendant, appellee.*

SCHENCK, J.   In this action the plaintiff seeks to recover damage for personal injuries alleged to have been caused by the negligence of the defendant in the erection, operation and maintenance of "magic eye" doors in the entrances to its store building on Fayetteville Street in the city of Raleigh.   The negligence is alleged to have consisted of the defendant's having installed and invited the public to use "a new fangled electrically controlled door without any notice or warning of any kind or nature of its nature and the danger attendant upon using the door in the usual and ordinary way" and "negligently and carelessly installed an electrically controlled door with powerful springs, equipment and appliances" that would catch the body of a person entering the store between the door and the framing thereof.   It is further alleged that the plaintiff entered the store of the defendant from Fayetteville Street through the door on the east side of said street and the electrically operated door suddenly closed in upon her, thereby inflicting injuries upon her.

The evidence offered by the plaintiff tended to show the erection, operation and maintenance by the defendant of two pairs of "magic eye" doors opening from the store of the defendant into Fayetteville Street, which were operated by means of electricity, compressed air and springs, and that as the plaintiff attempted to enter one of the openings on Fayetteville Street through the door on the left side of said opening, the left door, which was partially open, suddenly closed and thereby caught the plaintiff between said left door and the other door or door frame, inflicting injury upon her.

The evidence goes only so far as to show that the plaintiff entered through the left side of the double door opening, where the door on the left side was partially open, and that the door on the left side suddenly closed and caught the plaintiff between said left door and the other door or door frame.

There is a total lack of evidence of negligence in the erection, operation or maintenance of the "magic eye" doors.   There is no evidence that the doors involved in the occurrence under investigation ever suddenly closed before said occurrence, or ever before caught anyone attempting to enter the store, notwithstanding the doors had been installed several months and thousands of customers had entered through the door openings.

This want of evidence of negligence could only be supplied by assuming that the mere facts of the plaintiff's being caught by the sudden closing door and the injury consequent thereupon furnish such evidence. We could hardly go so far as to make such an assumption, since we are unable to see any evidence of negligence in the facts themselves.

The proprietor of a store is not an insurer of the safety of a customer while on the premises. He owes only the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision. *Williams v. Stores Co., Inc.,* 209 N. C., 591, 184 S. E., 496. The owner of a store is not an insurer of the safety of those who enter his store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. Before the plaintiff can recover he must, by evidence, establish actionable negligence. *Fox v. Great Atlantic & Pacific Tea Co.,* 209 N. C., 115, 182 S. E., 662; *Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625; *Cooke v. Tea Co.,* 204 N. C., 495, 168 S. E., 679. "The measure of due care adopted in this State is that of the ordinarily prudent, not the perfectly prudent, man. 'No better standard has yet been devised than the care of the "ordinarily prudent man"' . . . It takes into consideration the care of carrying on, which, try as we may, we cannot wholly remove from the contract which, by being mere members, we make with society." *Griggs v. Sears, Roebuck & Co.,* 218 N. C., 166, 10 S. E. (2d), 623.

There is no evidence that the door under investigation ever suddenly closed in the manner alleged prior to the occurrence in question to the knowledge of the defendant, or, indeed ever so closed before said occurrence. Such occurrence was an unexpected event which the defendant was not required to anticipate or guard against. Persons are held liable by the law for the consequences of occurrences which they can and should foresee, and by reasonable care and prudence guard against. "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted." *Osborne v. Coal Co.,* 207 N. C., 545, 177 S. E., 796.

In the absence of evidence of actionable negligence on the part of the defendant, we are of the opinion, and so hold, that the judgment of the Superior Court should be sustained; and it is so ordered.

Affirmed.