DELMA WOOD, BY HIS NEXT FRIEND, MRS. EDITH PUTNAM, v. CAROLINA TELEPHONE & TELEGRAPH COMPANY.

(Filed 17 March, 1948.)

1. **Automobiles § 11a—**

   All portions of a public way, from side to side and end to end, are for public use in the appropriate and proper method.

2. **Municipal Corporations § 25b: Evidence § 5—**

   Municipal public ways are commonly divided into sidewalks and streets with an intervening space, used as a matter of common knowledge for the location and maintenance of telephone and telegraph poles, traffic signs, fire hydrants, water meters and similar structures, and the maintenance of such objects or structures is not negligence unless they render the way unsafe for the respective purposes to which each portion is devoted.

3. **Negligence § 5—**

   Negligence is not actionable unless the proximate cause of injury, and foreseeability is an essential of proximate cause.

4. **Negligence § 9—**

   The law does not require omniscience but only that a person foresee the natural and probable consequences of his acts.

5. **Automobiles § 11c—Injury to motorist from contact with telephone pole maintained six inches from hard surface held not foreseeable.**

   Plaintiff alleged that, in the emergency caused by a blow-out, he inadvertently placed his foot on the accelerator instead of the brake, causing the car to increase in speed and skid further across the road to its left, throwing the plaintiff to the left and his left arm out of the open window, so that his arm hit a telephone pole maintained by defendant six inches off the hard surface, although the car did not cross the curb or leave the traveled portion of the highway. *Held:* Defendant could not have foreseen that a motorist traveling on the hard surface would voluntarily or involuntarily place his arm out of the window of a vehicle to such an extent that it would come in contact with the pole, and defendant's demurrer to the complaint was properly sustained.

APPEAL by plaintiff from *Morris, J.,* at November Term, 1947, of JOHNSTON. Affirmed.

Civil action to recover damages for personal injuries, heard on demurrer.

Plaintiff in his complaint alleges facts in substance as follows, to wit:

Defendant as a part of its communications system maintains a telephone pole located about six inches outside the traveled portion of Ellis Avenue in the town of Dunn; that is, it is located on the east side between the sidewalk for pedestrians and the vehicular lane of travel, in the grass plot portion of the sidewalk, six inches from the street curb. Ellis Avenue is a segment of State Highway 301.

About 9:30 p.m., August 31, 1946, plaintiff was operating a large Buick sedan, going south on Ellis Avenue. The automobile was in good condition and he was traveling at a reasonable rate of speed. As he approached the intersection of Ellis Avenue and Johnson Street his left rear tire blew out causing the car to skid to its left and "in said emergency the plaintiff inadvertently placed his right foot on the accelerator instead of the brake, thereby causing the said car to increase in speed and skid farther across the road to the left, and that the motion of the said car threw the plaintiff to the left and his left arm out of the open window . . . at the moment when the said car came into close proximity to the said telephone pole . . .; that as the car went by said telephone pole, plaintiff's left arm was caught between said pole and the frame of the left front car window" as a result of which it was so injured it had to be amputated. Plaintiff's car never crossed the curb or left the traveled portion of the street.

In addition thereto plaintiff alleges that the manner of maintenance of said pole constituted a hazard and menace to persons traveling on the street and was in violation of a pleaded town ordinance and constitutes negligence which proximately caused his injury.

The defendant in apt time demurred to the complaint for that it fails to state a cause of action. The demurrer was sustained and plaintiff appealed.

*Parker & Parker for plaintiff appellant.*
*Leggett & Fountain for defendant appellee.*

BARNHILL, J. The plaintiff insists that (1) the public highways from side to side and end to end belong to the public, and members of the public are entitled to free passage along any part thereof, and hence defendant's pole constituted a hazard or menace to persons using the highway for ordinary travel, and (2) the maintenance of said pole just outside the street was in violation of an ordinance of the town of Dunn,

and its maintenance as so located constitutes negligence as a matter of law. He further contends that such negligence on the part of the defendant was the proximate cause of his injury. It is upon these contentions he rests his case.

Surely all portions of a public way, from side to side and end to end, are for public use *in the appropriate and proper method. Oliver v. Raleigh,* 212 N. C., 465, 193 S. E., 853. But this does not mean that a motorist is at liberty to drive his vehicle over and across the sidewalk or the grass plot between the sidewalk and street or to complain that objects there maintained obstruct his free use of the vehicular lane of travel.

Municipal public ways are, as here, commonly divided into sidewalks or passageways for pedestrians and streets or passageways for vehicles. An object or structure which might render one unsafe for the purpose to which it is devoted ordinarily would have little or no relation to the other. The maintenance of an object in the public way in no event constitutes an act of negligence unless it renders the way unsafe for the purposes to which such portion of the street is devoted. *Oliver v. Raleigh, supra; Gettys v. Marion,* 218 N. C., 266, 10 S. E. (2d), 799.

In almost every hamlet, town and city in the State the space between the sidewalk proper and the street is used for the location and maintenance of telephone and telegraph poles, traffic signs, fire hydrants, water meters, and similar structures. It is a matter of common knowledge that this space is so used. *Gettys v. Marion, supra.* In no sense do such structures constitute a hazard to or in any wise impede the free use of the vehicular lane of travel.

Likewise, it is debatable whether the maintenance of defendant's telephone pole at the point alleged is in violation of the pleaded town ordinance. It is not alleged that no license has issued as required by the ordinance. Furthermore, it may be that the ordinance has been superseded and rendered void by subsequent legislative acts. G. S. 105-120 (5); G. S. 136-18 (j); *Hildebrand v. Telephone Co.,* 219 N. C., 402, 14 S. E. (2d), 252.

This we need not now decide, for, even if we concede negligence on the part of the defendant as alleged by plaintiff, there is no allegation in the complaint which reasonably imports injury to plaintiff as a proximate result thereof.

Negligence does not create liability unless it is the proximate cause of injury, and foreseeability is an essential of proximate cause. *Lee v. Upholstery Co.,* 227 N. C., 88, 40 S. E. (2d), 688; *Boyette v. R. R.,* 227 N. C., 406, 42 S. E. (2d), 462.

"Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence

is a requisite for recovery in an action for personal injury negligently inflicted." *Osborne v. Coal Co.,* 207 N. C., 545, 177 S. E., 796; *Watkins v. Furnishing Co.,* 224 N. C., 674, 31 S. E. (2d), 917; *Butner v. Spease,* 217 N. C., 82, 6 S. E. (2d), 808.

The law does not require omniscience. *Gant v. Gant,* 197 N. C., 164, 149 S. E., 555; *Lee v. Upholstery Co., supra.* A person is bound to foresee only those consequences that may naturally and proximately flow from his negligence. *Rattley v. Powell,* 223 N. C., 134, 25 S. E. (2d), 448. When the injury complained of was not reasonably foreseeable in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. *Osborne v. Coal Co., supra; Brady v. R. R.,* 222 N. C., 367, 23 S. E. (2d), 334.

The existence of defendant's pole beyond the curb line of the street did not obstruct the free use of the vehicular lane of traffic or constitute a hazard to motorists using the highway in proper manner. Hence we are unable to perceive that defendant, in the exercise of due care and foresight, could have foreseen or anticipated that a motorist traveling along the street would, voluntarily or involuntarily, place his arm out of the window of his vehicle to such an extent that it would come in violent contact therewith. It was under the duty to foresee the natural and probable consequences of its acts—*not* the unusual, extraordinary, or exceptional. The occurrence detailed by plaintiff in his complaint was beyond the realm of probability. *Ellis v. Refining Co.,* 214 N. C., 388, 199 S. E., 403.

It is unnecessary to undertake to label plaintiff's own conduct. Whether his acceleration of the speed of the car at the time and under the attendant circumstances was a mere inadvertence, a mishap, or an act of negligence, the fact remains that such conduct on his part was the intervening proximate cause of his injury. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Rattley v. Powell, supra; Lee v. Upholstery Co., supra.* This injury is a casualty of automobile travel which is not properly chargeable to the defendant.

The judgment below is

Affirmed.