CROXTON v. DUKE POWER CO.

No. 6036.

United States Court of Appeals
Fourth Circuit

Argued March 9, 1950.

Decided April 6, 1950.

Jay W. Alexander, Jr., Charlotte, N. C., and Robert W. Hemphill, Chester, S. C., for appellant.

W. B. McGuire, Jr., Charlotte, N. C. (W. S. O'B. Robinson, Jr., Charlotte, N. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and HUTCHESON, District Judge.

DOBIE, Circuit Judge.

Daisy V. Croxton, Administratrix of the Estate of H. C. Croxton, instituted this civil action against the Duke Power Company, a corporation, in the Superior Court for Mecklenburg County, North Carolina, to recover damages for the wrongful death of her husband, allegedly due to the negligence of the Duke Power Company. The case was removed by the defendant to the United States District Court for the Western District of North Carolina. Upon the conclusion of all the evidence defendant moved for a directed verdict. The motion was granted by the District Court and judgment was entered for the defendant. Plaintiff has duly appealed.

Plaintiff's husband was employed by Mecklenburg County, North Carolina, and had been working at the Mecklenburg County Farm for several years as a maintenance man. On July 30, 1948, he was engaged in putting tin on the roof of a hay barn which was being constructed by Mecklenburg County on the County Farm. Construction of this building had been in progress for three days and unfortunately one end of the barn was located beneath a power line of the Duke Power Company, which carried an electric current of 7,200 volts. The barn was 17 feet, 11 inches high, the electric wires were 23 feet, 9 inches, above the ground, and consequently there was a clearance of 5 feet, 10 inches, between the roof and the wires. The deceased was instructed by his foreman to go to the end of the roof over which the wires passed. In carrying out this instruction, the deceased in some manner came in contact with the high-voltage wire and was electrocuted.

The electric line in question was located upon a right of way granted to the defendant by the County and ran from the white section of the County Home to the colored section across an open field which was enclosed by a barbed wire fence. The wire was not insulated but was covered with a braided weather-proof covering. The clearance of the wires above ground (in excess of 23 feet) was sufficient, according to the testimony at the trial below and the North Carolina law. See Stanley

v. Smithfield, 211 N.C. 386, 190 S.E. 207. There was testimony that 7,200 volts is the voltage customarily used by the majority of utilities' for rural power distribution. The .defendant power company did not know, and had no reason to know, that the barn was being erected upon its right of way and under its line.

■ Plaintiff contends'· that . defendant was negligent in carrying·so much electricity through what' is alleged to be a congested area and should have placed a transformer on the line to reduce the voltage before it reached the area surrounding the barn.' This contention, however, is based upon two· erroneous ·assumptions. First, the accident ·occurred in the middle of an .open field, which can hardly be characterized. as a congested area, especially .when protected by a barbed wire fence; although there were some outbuildings surrounding the colored and white sections of the County Home. Secondly, the plaintiff concludes that by placing the transformer within 750 feet of the . load, the voltage could .have been reduced over the whole so-called "congested" area. This assumption is not supported by the record; for it appears that the transformer would have had to be placed at a much greater distance. The. evidence produced below was to the effect that the transformer was properly located, that it was "the practice to put a transformer close to the. point of the load," and that placing it 1,000 :feet from the point of the load would give unsatisfactory service.

■■■■Plaintiff also argues that defendant was negligent in not providing·insulation for its wires. The undisputed testimony was that the type of covering used to protect these wires, was customarily employed ,on high-voltage wires and that it was proper construction in accordance with the National Electrical Safety Code and good operating practice. In this connection we quote from Roberts v. Mississippi Power & Light Co., 193 Miss. 627, 637, 10 So. 2d 542, 544: "The duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires."

■ Finally, the plaintiff claims that defendant should have posted warning signs along its right of way. She argues that the weather-proof covering gave a deceptive 'appearance of insulation and that defendant was under a duty to warn persons who· might be in the vicinity of its right of way that the wires were uninsulated and carried a dangerous voltage. Here again no duty arose unless the defendant knew, or reasonably should have known, that there was a danger of persons coming in contact with its wires. The wires here were so elevated above the ground that defendant cannot be charged with knowledge of this danger. See Stanley v. Smithfield, supra; Parker v. Charlotte Electric Ry. Co., 169 N.C. 68, 85 S.E. 33; Lewis v. Pacific Gas and Electric Co., Cal.App., 212 P.2d 243. If the defendant had known that Mecklenburg County was erecting a barn on defendant's right of way some such duty might have been imposed upon the defendant but that is not the case before us.

No evidence was produced by the plaintiff to show that the defendant was in any way negligent. Therefore the court below correctly granted the motion for a directed verdict.

■ One additional issue remains for our consideration. Did the District Court err in excluding from the evidence certain photographs and testimony in connection therewith which were offered by the plaintiff? The photographs which were ruled inadmissible showed wires running across buildings belonging to Mecklenburg County. These photographs were taken over a year after the accident .occurred, and it is admitted by the plaintiff that the location of the wires shown in the photographs is not the same as it was at the time of the accident. Indeed, the wires which the photographs show as passing over buildings are apparently . those maintained by Mecklenburg County—not by the defendant. In sustaining the objection to the introduction of this evidence, the trial judge stated: "Objection is sustained due to the fact that the Court, from an inspection of the photographs offered and in conference with counsel for plaintiff and defendant has

been told that the occasion on which the pictures were taken on the 29th and 30th of September, 1949, do not show the building on which the injury and death were allegedly suffered and sustained nor the condition or position of the wire or the poles." This evidence would have been misleading and its introduction prejudicial to the defendant. The court below correctly excluded it. See Forbes v. Rocky Mount, 165 N.C. 14, 80 S.E. 884.

The judgment of the District Court is affirmed.

Affirmed.