GEORGE A. DEESE, Administrator of the Estate of GEORGE M. DEESE, v. CAROLINA POWER & LIGHT COMPANY.

(Filed 28 November, 1951.)

**Electricity § 7—**

  Intestate felled a tree across a tap line maintained by defendant power company under a written easement, and was electrocuted when he came in contact with the wire while attempting to disengage the tree top from the line. The wire was not insulated and was 18 feet or more above the ground. *Held:* Nonsuit was proper since defendant could not have reasonably foreseen injury under the circumstances, and therefore was not guilty of actionable negligence.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Crisp, J.,* February 1951 Term, RICHMOND.

This is a civil action instituted by plaintiff to recover damages for the alleged wrongful death of his intestate.

The record shows that by authority of a written easement defendant maintained across plaintiff's land an uninsulated tap line 18 feet or more above the ground, which line was energized with approximately 2300 volts of electric current. Plaintiff's intestate felled a tree across defendant's tap line and while attempting to disengage the tree from the line, he came in contact, directly or indirectly, with the said line and was electrocuted. Plaintiff's intestate, a staff sergeant in the United States Army, was 29 years of age, and was on furlough visiting his father, the plaintiff, and other members of his family.

At the conclusion of plaintiff's evidence, the court sustained a motion for judgment as of nonsuit. Plaintiff appealed.

*Jones & Jones for plaintiff, appellant.*
*Fred W. Bynum and A. Y. Arledge for defendant, appellee.*

PER CURIAM. The evidence disclosed no actionable negligence on the part of defendant. The death of plaintiff's intestate evidently resulted from his own independent acts in felling the tree across defendant's tap line and thereafter attempting to cut the tree top or bough in order to release the wire. This is a situation which, under the circumstances here presented, could not have been reasonably foreseen by the defendant. *Parker v. R. R.,* 169 N.C. 68, 85 S.E. 33; *Stanley v. Smithfield,* 211 N.C. 386, 190 S.E. 207.

The judgment of nonsuit is
Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.