OTIS TIPPITE, ADMINISTRATOR OF THE ESTATE OF WILLIAM CHARLES TIPPITE, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 December, 1951.)

**1. Trial § 22a—**

Upon motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him, giving him every reasonable inference and intendment deducible therefrom.

**2. Trial § 23a—**

If there is more than a scintilla of evidence in support of plaintiff's contentions it should be submitted to the jury.

**3. Railroads § 5—**

Where a railroad company rents to its employees houses along its right of way a short distance from its tracks, with knowledge that the employees' families include small children, such children are not trespassers while playing around the premises, and the railroad company is under duty to exercise reasonable care and diligence to keep a proper and sufficient lookout along its tracks in front of these residences so as to avoid injuring the children of its tenants.

**4. Same—Evidence held sufficient to be submitted to the jury on the question of defendant's negligence in failing to keep a proper lookout.**

The evidence tended to show that plaintiff was employed by defendant railroad company and rented a house on its right of way, that plaintiff's intestate, his fourteen months old son, had been placed in a play pen in the back yard by his mother, that as defendant's train approached along its track, which was straight a distance of 1,041 yards, intestate was sitting on a crosstie and another child was toddling toward him, that the train's whistle indicated that the children were seen while the train was yet some distance away, and that its brakes were applied at about the point intestate was struck, stopping the train after it had traveled only some 200 yards. *Held:* The evidence was sufficient to be submitted to the jury on the issue of defendant's actionable negligence in failing to keep a proper lookout.

**5. Trial § 31d—**

The burden of proof is a substantial right, and the failure of the court to instruct the jury as to the burden of proof in regard to one of the issues constitutes prejudicial error. G.S. 1-180.

APPEAL by defendant from *Williams, J.,* and a jury, March-April 1951 Civil Term, CUMBERLAND.

Civil action to recover damages for the wrongful death of a child.

From a verdict and judgment in the amount of $3,000.00, defendant excepted and appealed, assigning errors. The facts are sufficiently stated in the opinion.

*Shepard & Wood and Rose & Sanford for defendant, appellant.*
*Nance & Barrington for plaintiff, appellee.*

21—234

VALENTINE, J.   Before a plaintiff's cause of action yields to a defendant's motion for judgment as of nonsuit, plaintiff is entitled to have his evidence viewed in the light most favorable to him, and it is the duty of the presiding judge to accept as true all evidence tending to support the plaintiff's claim and in so doing every reasonable inference and intendment deducible from the plaintiff's evidence must be given full consideration.   If upon all these considerations there is more than a scintilla of evidence in support of plaintiff's contentions, the matter becomes a question of fact to be determined by a jury.   *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757, and cases there cited; *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791, and cases there collected.

Using this rule as a yardstick, an appraisal of plaintiff's evidence discloses this factual situation: On 20 October, 1949, plaintiff's intestate resided as a member of plaintiff's family in a house owned by the defendant and located upon its right of way within the corporate limits of the town of Hope Mills, a distance of 30 to 35 feet west of defendant's southbound track.   Plaintiff was an employee of the defendant and paid the required rental for the privilege of living in defendant's house on its right of way and of using the adjacent terrain as his yard.   The plaintiff's intestate could not be regarded as a trespasser on defendant's roadbed or right of way adjacent to the front of plaintiff's residence. *Starling v. Cotton Mills,* 168 N.C. 229, 84 S.E. 388.   Defendant had four other houses along and upon its right of way which were occupied by other employees of the defendant and in whose homes there were altogether 8 or 9 small children.   The tracks from a point in front of plaintiff's residence a distance of 1,041 yards in the direction of Hope Mills was practically straight.

On the day in question, plaintiff's intestate had been placed by his mother in a box or play pen, the sides of which were about 2½ feet high, at a position near the back door of plaintiff's residence and was left alone there while the mother went to the rear of the premises.   Plaintiff's intestate was 14 months old, in good health, well developed and large for his age.   He had been walking or toddling about for something like six months.   Shortly after plaintiff's intestate was placed in the box, defendant's train number 75, then approaching, was heard to give a long or station blow at or beyond the station at Hope Mills and immediately thereafter, two short blows indicating that some object was on the track. At that moment a witness saw the child seated on the crosstie.   Defendant's train struck and instantly killed the child, knocking him a few feet from the track.   It was about 12 o'clock, noon.   The day was clear.   Immediately before the child was killed, the train was traveling 60 to 70 miles per hour.   The train was carrying 16 or 18 cars and was stopped in the distance of its length, or about 200 yards, after striking the child.

The train gave the appearance of having had brakes applied at the time of or immediately before plaintiff's intestate was struck, with evidence of a complete application of brakes immediately after the injury. At the time plaintiff's intestate was seen sitting on the crosstie of defendant's track, another child about his age and size was near and toddling toward the point where the plaintiff's intestate was seated. The operator of the train had a clear and unobstructed view for a distance of 1,041 yards within which to see in the noonday light plaintiff's intestate and his approaching playmate and within which to bring the train under control and prevent the injury and death to the child.

Defendant is charged with the duty of knowing that the plaintiff resided as a tenant upon its right of way within 30 to 35 feet of its tracks and that there were other tenants and employees who likewise resided in houses upon defendant's right of way and that in these residences there were small children who would have both the inclination and the right to play in the front yard of their respective residences, and that a failure to keep a proper lookout might result in injury or death to one or more of these children. It was, therefore, the duty of the defendant to exercise reasonable care and diligence and to keep a proper and sufficient lookout along its tracks in front of these residences so as to avoid injuring the children of its tenants. On this question the Court has said : "In *Pickett v. R. R.,* 117 N.C. 634; *Lloyd v. R. R.,* 118 N.C. 1012, and a long line of similar cases, it is held that it is the duty of the *defendant* to keep a proper lookout. It is not held anywhere that such lookout as the engineer may be incidentally able to give, will relieve the company, if that lookout is not a proper lookout." *Arrowood v. R. R.,* 126 N.C. 629, 36 S.E. 151; *Jeffries v. R. R.,* 129 N.C. 236, 39 S.E. 836.

Here, the defendant offered no evidence, and the jury had a perfect right under the facts disclosed by plaintiff's evidence to reach the conclusion that the accident was reasonably within the foreseeability of the defendant and that the resulting injury and death of plaintiff's intestate was due to the defendant's negligence. The court below was entirely correct in submitting the case to the jury. *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463; *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316; *Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661; *Graham v. Gas Co., supra.*

However, among the defendant's exceptions brought forward there is one upon which defendant is entitled to a new trial. The crucial exception involves that portion of his Honor's charge which relates to the second issue, the issue of damages. The able and painstaking trial judge in referring to the first issue, the issue of negligence, said, "Now, the burden of that issue, Gentlemen, is upon the plaintiff to establish by the greater weight of the evidence." This language accentuated the fact that his Honor's reference to the burden of proof related only to the first

issue, in view of the fact that he failed to mention the burden of proof or to declare upon whom it rested when in his charge he discussed the second issue. He discussed the facts and gave the contentions of the parties, but omitted any reference to the burden of proof on that issue. For this error, the defendant is entitled to a new trial. G.S. 1-180, as amended, requires that the judge "shall declare and explain the law arising on the evidence given in the case." This places a duty upon the presiding judge to instruct the jury as to the burden of proof upon each issue arising upon the pleadings. It is said that " 'the rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the Court. *S. v. Falkner,* 182 N.C. 793, and cases cited.' *Hosiery Co. v. Express Co.,* 184 N.C. 478." *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831.

We have examined the other assignments of error, but since there must be a new trial for the error pointed out, it is not deemed necessary to comment upon them.

For the error mentioned, the defendant is entitled to a new trial and it is so ordered.

New trial.