PAULINE HICKS DAVIS, Administratrix of the Estate of CRAWFORD WHEELER DAVIS, Deceased, v. CAROLINA POWER & LIGHT COMPANY.

(Filed 12 June, 1953.)

**1. Death § 3—**

In an action for wrongful death, plaintiff must produce evidence sufficient to establish that defendant was guilty of a negligent act or omission, and that such act or omission was the proximate cause of the death of decedent.

**2. Negligence § 9—**

Foreseeability of injury is a requisite of proximate cause.

**3. Electricity § 7—Held: Injury was not foreseeable under the evidence, and therefore nonsuit was properly entered.**

The evidence tended to show that defendant maintained at a height of 17 or 18 feet above the surface of a highway an uninsulated high voltage transmission line, and that plaintiff's intestate was electrocuted when he threw a house mover's measuring tape over the transmission line with a view to determining whether there was sufficient clearance to move a building under the line. *Held:* Even conceding negligence on the part of defendant in the maintenance of the transmission line, in the absence of any evidence that defendant had notice that plaintiff's intestate was moving the house under its line, the tragedy was not within the reasonable prevision of defendant, and therefore its motion to nonsuit should have been allowed.

Denny, J., dissenting.

Appeal by plaintiff from *Bone, J.,* at November Term, 1952, of Durham.

Civil action to recover damages for the death of the plaintiff's intestate who suffered electrocution when he threw a house-mover's measuring tape over a transmission line carrying a powerful current of electricity.

The plaintiff's evidence made out this case:

1. The plaintiff's intestate Crawford Wheeler Davis, an alert and industrious young man of the age of 25 years, was experienced in the moving of buildings from place to place by means of rollers and screw supports.

2. The defendant Carolina Power & Light Company, which was engaged in furnishing electricity to the public, distributed electricity through a settled community immediately west of the corporate limits of the City of Raleigh in Wake County by a transmission line, which crossed a public highway known as Western Boulevard at a height of 17 or 18 feet above the surface of the highway. The transmission line consisted of bare copper wires, which carried approximately 7,200 volts.

3. Prior to 23 April, 1951, the plaintiff's intestate entered into a contract with the State Highway and Public Works Commission whereby he obligated himself to move a one-story building along Western Boulevard from its original site east of the defendant's transmission line to a new location west of the line.

4. On the date mentioned, the plaintiff's intestate threw a house-mover's measuring tape over the defendant's transmission line with a view to determining whether there was sufficient space beneath the transmission line for the clearance of the building. When the tape came in contact with the bare wires, a deadly current of electricity escaped from the wires, coursed through the tape, and struck the plaintiff's intestate, killing him instantly.

The evidence did not indicate that the defendant had any notice that the plaintiff's intestate intended to move the building along the highway or to throw the tape over the transmission line.

When the plaintiff had introduced her evidence and rested her case, the defendant moved to dismiss the action upon a compusory nonsuit. Judge Bone allowed the motion, and entered judgment accordingly. The plaintiff excepted and appealed.

*Egbert L. Haywood and Emery B. Denny, Jr., for plaintiff, appellant.*
*Fuller, Reade & Fuller, E. S. DeLaney, Jr., and A. Y. Arledge for defendant, appellee.*

ERVIN, J. This case is founded on negligence. In an action for death by wrongful act based on negligence, the burden rests on the plaintiff to produce evidence sufficient to establish the two essential elements of actionable negligence, namely: (1) That the defendant was guilty of a negligent act or omission; and (2) that such act or omission was the proximate cause of the death of the decedent. *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670.

It is well settled in this jurisdiction that foreseeability of injury is a requisite of proximate cause. *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Montgomery v. Blades,* 222 N.C. 463, 23 S.E. 2d 844; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; *Beach v. Patton,* 208 N.C. 134, 179 S.E. 446; *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796. This being true, we would be compelled to affirm the compulsory nonsuit even if we should accept as valid the contention of plaintiff that the defendant was negligent in conveying a dangerous current of electricity across a public highway in a settled community on uninsulated wires suspended only 17 or 18 feet above the surface of the highway. The evidence at the trial did not disclose any

facts sufficient to charge the defendant with notice that someone might throw a house-mover's measuring tape over its transmission line. In consequence, the tragedy was not within the reasonable foresight of the defendant. *Pugh v. Power Co.,* 237 N.C. 693, 75 S.E. 2d 766; *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849; *Deese v. Light Co.,* 234 N.C. 558, 67 S.E. 2d 751; *Stanley v. Smithfield,* 211 N.C. 386, 190 S.E. 207; *Parker v. R. R.,* 169 N.C. 68, 85 S.E. 33; *Caraglio v. Frontier Power Co.,* 192 F. 2d 175; *Croxton v. Duke Power Co.,* 181 F. 2d 306; *Garrett v. Arkansas Power & Light Co.,* 218 Ark. 575, 237 S.W. 895; *Calloway v. Central Georgia Power Co.,* 43 Ga. App. 820, 160 S.E. 703; *Dilley v. Iowa Public Service Co.,* 210 Iowa 1332, 227 N.W. 173; *Fredericks' Admr. v. Kentucky Utilities Co.,* 276 Ky. 13, 122 S.W. 2d 1000; *Watrals' Adm'r v. Appalachian Power Co.,* 273 Ky. 25, 115 S.W. 2d 372; *Kelley v. Texas Utilities Co.* (Tex. Civ. App), 115 S.W. 2d 1233; *Kedziora v. Washington Water Power Co.,* 193 Wash. 51, 74 P. 2d 898; 18 Am. Jur., Electricity, section 53; 29 C.J.S., Electricity, section 42.

The ruling on the motion to nonsuit would have been the same had the plaintiff's witness J. C. Winters been permitted to testify that he had never observed uninsulated wires crossing highways.

Affirmed.

DENNY, J., dissenting: It is with reluctance that I dissent in this case. However, I think the plaintiff offered more than a scintilla of evidence in support of her allegations of negligence against the defendant. *Tippite v. R. R.,* 234 N.C. 641, 68 S.E. 2d 285. Be that as it may, the majority opinion holds that the compulsory nonsuit must be affirmed for the reason "the evidence at the trial did not disclose any facts sufficient to charge the defendant with notice that someone might throw a house-mover's measuring tape over its transmission line."

This Court in *Helms v. Power Co.,* 192 N.C. 784, 136 S.E. 9, speaking through *Stacy, C. J.,* said: "Electric companies are required to use reasonable care in the construction and maintenance of their lines and apparatus. The degree of care which will satisfy this requirement varies, of course, with the circumstances, but it must always be commensurate with the dangers involved, and where the wires maintained by a company are designed to carry a strong and powerful current of electricity, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business, to avoid injury to those likely to come in contact with its wires." *Rice v. Lumberton,* 235 N.C. 227, 69 S.E. 2d 543; *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849.

The question presented here, as I understand it, is whether the defendant in the construction of an electric transmission line, designed to carry

a strong and powerful current of electricity, could or should have foreseen when such line was constructed only 17 or 18 feet above and across a heavily traveled highway that some injury was likely to occur as a result of its construction and maintenance in such manner. Ordinarily a plaintiff is not required to prove that the defendant could or should have foreseen that the exact injury that did occur was likely to occur. The rule was stated in *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63, by *Johnson, J.,* in speaking for the Court, in which he said: "It is not necessary that the tort-feasor should have been able to foresee the injury in the precise form in which it occurred, nor to have been able to anticipate the particular consequences ultimately resulting from the negligent·act or omission . . . Ordinarily, under our decisions it suffices to show (1) that 'by the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act of omission, or that consequences of a generally injurious nature might have been expected.' . . . and, (2) that the injuries sustained were the natural and probable, although not the necessary and inevitable, result of the negligent fault of the defendants, *i.e.,* such injuries as were likely, in ordinary circumstances, to have ensued from the act or omission in question," citing numerous authorities.

According to plaintiff's evidence it is the procedure generally followed by house movers where a house is to be moved under a wire, "if the wire appears to be too low for the building to go under it, to take a tape and throw over it and let it drop to the ground. . . . If the wires are too low, you call back to the company and, of course, they raise it for you, for a fee." This witness, an experienced house mover, further testified that he had thrown a tape line identically like that used by plaintiff's decedent over power lines and did not get hurt.

Upon the evidence adduced in the trial below, was plaintiff's decedent charged with the duty to foresee that the defendant would construct and maintain a power line, carrying 7,200 volts of electricity, only 17 or 18 feet above and across a heavily traveled highway and neither insulate it by insulation nor by more adequate isolation? I do not think so.