ELEANOR N. HAMILTON v. JOHN C. PARKER, JR., TRADING AS PARKER'S FOOD STORE.

(Filed 17 March, 1965.)

**1. Negligence § 37b—**

A store proprietor is not an insurer of the safety of his patrons and a patron, in order to recover for injury sustained on the premises, must introduce evidence tending to establish actionable negligence on the part of the proprietor, the doctrine of *res ipsa loquitur* not being applicable.

**2. Negligence § 37f—**

The evidence tended to show that defendant maintained swinging entrance and exit doors with panel glass, that plaintiff was familiar with the doors, and that as plaintiff was entering the righthand door she saw the bag boy rushing toward the exit door, and that the exit door struck her on the rebound after having been opened by the boy. There was no evidence that the doors were improperly constructed, had any mechanical defect, were improperly maintained, or that they were not of the usual type. *Held:* Involuntary nonsuit was properly entered.

APPEAL by plaintiff from *Bundy, J.*, November-December Session 1964 of NEW HANOVER.

This is a civil action to recover for personal injury allegedly sustained when plaintiff was hit in the back by an exit door as she entered the defendant's store about 9:30 a.m. on 22 June 1963.

Plaintiff alleges that as she entered the store through the right-hand door, the entrance door, a bag boy, Rickey Falich, "came rushing real fast from the inside," pushed the exit door open, let it go and it hit plaintiff in the back.

Plaintiff further alleges that the entrance and exit doors were easily pushed in and out, in a dangerous "swinging door" fashion, without any door check or other device or arrangement for stopping, checking, slowing or retarding the momentum of said doors while being so pushed or upon the return swing or rebound thereafter. Plaintiff described the doors as follows: "* * * There are two large, heavy swinging doors, with wooden frames and panel glass * * *."

Plaintiff testified that as she approached the entrance door to defendant's store, she could see in the store and saw the bag boy coming towards the exit door as she was entering the right-hand door; that she does not remember stepping to the left into the path of the exit door. She further testified: "* * * I don't know how I got hit like I did. I can't remember stepping to my left. At the time I was struck I was moving, I think." Plaintiff had been trading at this store for several months before the accident happened.

With respect to whether the plaintiff was moving or standing still at the time she was hit, she testified in her adverse examination: " 'I could not swear that I was moving or I couldn't swear I was standing still, because when the door hit me, I don't know whether I was moving or not.' On my prior visits there, I had used the same doors I was using on June 22nd. I had seen the same doors on many prior occasions. They were the same, so far as I could tell, June 22, 1963, as on all of the other occasions."

The witness further testified that she had never opened these doors prior to that day because of her back trouble; that she had always theretofore been accompanied by someone else who opened the doors for her. The record discloses that the plaintiff had had some seven or eight surgical operations of various kinds, including one on her back, prior to the alleged accident on 22 June 1963. She was wearing a steel brace on her back at the time of her alleged accident.

Mrs. Catherine Ray, a witness for plaintiff, testified: "It was obvious to me that these doors at Parker's Food Store were the type doors that would swing both in and out. Mrs. Hamilton and I had been in the store on a good many occasions prior to June 22, 1963 and had seen many people go in and out. We could see the doors swinging both in and out."

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed. The plaintiff appeals, assigning error.

*L. Gleason Allen, W. G. Smith for plaintiff appellant.*
*Marshall & Williams for defendant appellee.*

DENNY, C.J.   Plaintiff's sole assignment of error is to the allowance of defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence.

The plaintiff's evidence clearly establishes the fact that the exit door in defendant's store could not possibly have struck the plaintiff in the back in the manner in which she testified unless she stepped to her left as she entered through the right-hand door and placed herself in the arc of the exit door as it rebounded when released by the bag boy, Rickey Falich.

In the case of *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917, the plaintiff sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in the erection, operation and maintenance of "magic eye" doors in the entrance to its store building on Fayetteville Street in the City of Raleigh.

The evidence tended to show that the plaintiff entered through the left side of the double door opening, where the door on the left side was partially open, and that the door suddenly closed and caught the plaintiff between said left door and the other door or door frame.

On appeal from a judgment of nonsuit, this Court said: "There is a total lack of evidence of negligence in the erection, operation or maintenance of the 'magic eye' doors. There is no evidence that the doors involved in the occurrence under investigation ever suddenly closed before said occurrence, or ever caught any one attempting to enter the store, notwithstanding the doors had been installed several months and thousands of customers had entered through the door openings. * * *

"* * * The owner of a store is not an insurer of the safety of those who enter his store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. Before the plaintiff can recover he must, by evidence, establish actionable negligence. * * *

"* * * Persons are held liable by the law for the consequences of occurrences which they can and should foresee, and by reasonable care and prudence guard against. * * *"

In *Coleman v. Colonial Stores, Inc.*, 259 N.C. 241, 130 S.E. 2d 338, the plaintiff brought an action to recover damages for personal injuries allegedly sustained when he tripped over the bottom of a metal screen constructed on the outside of the exit door of defendant's store. In sustaining a judgment as of nonsuit, entered at the close of all the evidence, this Court said: "The metal screen at the exit door was obvious to any ordinarily intelligent person using his eyes in an ordinary manner. No unusual conditions existed at the time. As plaintiff approached the exit door, the metal screen outside could be plainly seen through the glass door. At the time and place the metal screen did not constitute a hidden danger or an unsafe condition to plaintiff, an invitee

using the premises. Defendant was not under a duty to warn its customers of a condition which was obvious to any ordinarily intelligent person. * * * There is no evidence that the metal screen was improperly constructed or maintained at the time plaintiff fell."

In the case of *Olson v. Whitthorne & Swan*, 203 Cal. 206, 263 P. 518, 58 A.L.R. 129, the defendant maintained two swinging doors, used for the purpose of entrance and exit by patrons of the store. The plaintiff had made some purchases at the store and was proceeding to pass out through the swinging door to her right. Instead of continuing to pass through and beyond this door, she paused to hold the door open for a lady following immediately behind her. In doing so, the plaintiff stepped into the swing area of the left-hand door, through which a third lady was hastily proceeding. The rebound of the left-hand door struck plaintiff, and she thereby received the injuries complained of. The Court said: "* * * Swinging doors in buildings and stores are installed and maintained for the accommodation of those who have occasion to enter such buildings. The operation of such doors is not within the exclusive control of the owner of the building or the proprietor of the store. Customers take a very distinct part in their operation and are chargeable with the exercise of ordinary care in their use. * * *

"* * * We think the court was justified in concluding that on any theory of defendant's responsibility in the matter the plaintiff was * * * guilty of contributory negligence. * * * She testified that she was familiar with the operation of these particular swinging doors, had used them many times prior to the accident, and knew of their rebound. Notwithstanding this familiarity and knowledge, she placed herself in a position of danger for reasons which were entirely personal to herself. * * * The evidence fails to disclose the breach of any legal duty which the defendant owed to the plaintiff."

In the instant case, while the plaintiff alleged that the defendant maintained such swinging doors in an unsafe and hazardous condition, she offered no evidence to support such allegation. Furthermore, she offered no evidence tending to show that the doors complained of were improperly constructed, or that they had any mechanical defect or were improperly maintained. Neither is there any evidence on the record tending to show that such doors were not the customary type used in grocery stores, nor any evidence to the effect that a similar accident had occurred previously.

In our opinion, the plaintiff has failed to establish actionable negligence against the defendant. Consequently, plaintiff's assignment of error is overruled, and the judgment entered below is

Affirmed.