BARBARA JEAN FOY v. THOMAS EDWARD BREMSON, GROVER C. BISSETTE AND LESTER GODWIN

No. 737SC729

(Filed 9 January 1974)

**Automobiles § 90— burden of proof — failure to instruct — new trial**

In an action by plaintiff to recover for personal injuries sustained when she was struck by defendant's car, the trial court committed prejudicial error in failing to instruct with respect to the burden of proof on all issues except plaintiff's contributory negligence.

APPEAL by plaintiff and defendants Bissette and Godwin from *Webb, Special Judge,* 26 February 1973 Session, Superior Court, WILSON County.

Plaintiff was injured when she was struck by a car driven by defendant Bremson. Plaintiff and defendants Bissette and Godwin had started to a cornfield to gather corn from a combine when the 1967 Ford truck driven by Godwin went into a ditch. The Ford truck was headed in a generally westerly direction. Godwin sent Bissette to get Godwin's 1968 Chevrolet truck, and he and Bissette attempted to pull the Ford truck out of the ditch by attaching a pull chain. There was conflicting evidence as to the exact location of the Chevrolet truck with respect to the center line of the highway. It was parked headed in a generally northern direction opposite the Ford truck. Both trucks were well lighted. Defendant Bremson was traveling in a generally southerly direction. The 1967 Ford truck was to his right and the 1968 Chevrolet truck was to his left. A log chain was hooked to each truck and ran across the lane of travel of defendant Bremson. He hit one or both trucks and then struck plaintiff who was assisting in the operation. Plaintiff was seriously injured. At the time defendant Bissette was hooking the log chain to the truck, one Donnie Boykin had been stationed to the north to warn approaching traffic. Ten issues were submitted to the jury. They answered that plaintiff was not injured by the negligence of defendant Bremson, that she was injured by the negligence of defendant Bissette, that defendant Bissette was acting as the agent of Godwin, that plaintiff was injured by the negligence of Godwin, that plaintiff was not contributorily negligent, that she was entitled to recover $100,000. On Bremson's counterclaim against Bissette and Godwin, the jury answered issues finding that Bissette's and Godwin's negligence caused Bremson's personal injuries and property damage and .

that he was not contributorily negligent. Bremson was awarded a total of $4,000. All parties except Bremson appealed.

*Narron, Holdford, Babb and Harrison, by William H. Hold-ford, for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley, P.A., by Robert L. Spencer, for Godwin and Bissette appellants.*

*Teague, Johnson, Patterson, Dilthey and Clay, by Robert M. Clay and Dan M. Hartzog, for defendant appellee Bremson.*

MORRIS, Judge.

This case must go back for a new trial on all issues. We do not discuss the error in admission and exclusion of evidence. Nor do we discuss all the errors in the charge because on retrial they may not recur. Although there are other prejudicial errors in the trial, one error in the charge is sufficiently prejudicial to require a new trial.

At the beginning of its charge, the court said "And, as to each issue, I'll tell you which party has the burden of proof." Only as to issue 5—plaintiff's contributory negligence—did the court do this.

In *King v. Bass,* 273 N.C. 353, 354, 160 S.E. 2d 97 (1968), the trial court had failed to instruct with respect to the burden of proof. The court, in granting a new trial, said:

"This Court considered the duty of the trial judge to instruct on burden of proof in the case of *Watt v. Crews,* 261 N.C. 143, 134 S.E. 2d 199, wherein Denny, C. J., speaking for the Court, stated:

' "In *Tippite v. R. R.,* 234 N.C. 641, 68 S.E. 2d 285, this Court said: 'G.S. 1-180, as amended, requires that the judge "shall declare and explain the law arising on the evidence given in the case." This places a duty upon the presiding judge to instruct the jury as to the burden of proof upon each issue arising upon the pleadings. It is said that " 'the rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the court. *S. v. Falkner,* 182 N.C. 793, and cases cited.' *Hosiery Co. v.*

*Express Co.,* 184 N.C. 478." *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831.' " '

The trial court failed to give instructions as to the burden of proof on any of the issues. This omission violates a substantial right of appellants and constitutes prejudicial error."

Plaintiff's appeal—New trial.

Defendants' appeal—New trial.

Judges BRITT and BALEY concur.