CONTINENTAL CASUALTY COMPANY *v.* LONG

No. 43691          December 17, 1965          181 So. 2d 340

*Snow, Covington, Shows & Watts,* Meridian, for appellant.

424

*Williamson, Pigford & Hendricks,* Meridian, for appellee.

Inzer, J.

This suit was instituted by appellee, Mrs. Virginia Long, in the Circuit Court of Lauderdale County against appellant, Continental Casualty Company, wherein she sued to recover benefits under an accident and health policy. Appellee charged in her declaration that she was the beneficiary under Policy No. 9876668 issued by appellant and that under this policy the life of her husband, Sammy D. Long, was insured. She charged that her husband died on November 19, 1963, as the result of severe burns over a major portion of his body while in a building which burned. A copy of the insurance policy was attached to the declaration under the terms of which she alleged that she was entitled to recover the sum of $2,000 plus $67.90 premiums paid on the policy.

Appellant answered and admitted the policy in question was in full force and effect when the insured died on November 19, 1963, as the result of accidental burns. Appellant also admitted that the proof of loss had been furnished and that it had mailed to appellee its check for $1,067.90 on February 5, 1964, for the amount that it claimed was due under the policy. Appellant then alleged that appellee acknowledged receipt of the check, but made demand for the payment of an additional amount of $1,000 which she claimed was due under the policy. Appellant denied that the insured died as the result of accidental burns occasioned by the burning of

the house in which the insured lived. Appellant alleged that the death was the result of burns occasioned by the bed in the house catching fire and the burning of the bed was what burned the deceased.

Appellant in effect admitted that it was liable under the provisions of Paragraph IV of the contract which reads as follows:

When injury results in loss of life of the insured within one hundred days after the date of the accident, the company will pay (a) the 'Loss of Life Accident Indemnity' stated in the schedule; and (b) an amount equivalent to all premiums paid by the insured to the company for this policy.

Appellant denied that it was liable under Part VII of the contract which provides double loss of accident indemnity for specific accidents. The pertinent part of this provision reads as follows:

Loss of Life Accident Indemnity payable under this policy shall be doubled if injury causing the loss is sustained in consequence of (1) the burning of a building while the Insured is therein or escaping therefrom, provided he was therein at the commencement of the fire. . . .

Thus the real issue between the parties was whether appellee was entitled to recover the double indemnity benefits provided for in the contract.

■■ ■ The trial judge submitted this issue to the jury and instructed the jury to the effect that if they believed from a preponderance of the evidence that the insured suffered and sustained the loss of his life in consequence of the burning of a building while he was therein or escaping therefrom provided he was therein at the commencement of the fire, then in such event appellee was entitled to recover the $2,067.90 sued for. The court instructed the jury on behalf of the appellant that if the insured's death was caused directly or indirectly by the mattress on the bed burning and was not affected

in any manner by the burning of any part of the building in which he was injured, then in that event appellee was not entitled to recover. Appellant also secured an abstract instruction in which the court instructed the jury as to the law relative to construction of insurance contracts. This instruction should not have been given. However, the trial court submitted the issue to be determined squarely to the jury and they returned a verdict in favor of the appellee for the amount sued for.

Appellant assigns several grounds for reversal of this case. Its main contention is that appellee failed to meet the burden of proof to maintain her claim that her husband was accidentally injured and killed in consequence of the burning of a building while the insured was therein or escaping therefrom provided he was therein at the commencement of the fire.

The testimony in this case reveals that Mrs. Long and her husband, Sammy Long, lived at Lockhart, Mississippi, in a house that they rented from Mr. Herman Brown. Mr. Long was 27 years of age at the time of his death and was an employee of the Illinois Central Railroad Company. On the day of his death he was on vacation. Mrs. Long was employed at the Meridian Coca Cola Plant and on the morning of November 19, 1963, she left home to go to work at about 7:45 a.m. At the time she left home her husband was on the bed in the bedroom clad only in his underwear shorts. There was no one else in the house when Mrs. Long left. The bed was a metal frame with metal springs. The mattress was a cotton innerspring. Mrs. Long testified that her husband smoked and at times smoked in bed. She also said that on occasion he drank.

From the time Mrs. Long left the house until she returned at about 5:45 p.m. no one who testified in this case saw Mr. Long. When Mrs. Long reached home, she smelled smoke. The door to the bedroom was closed and when she opened it, she found the room filled with

smoke and it was hard for her to see. She saw flames around the window and on the floor. She discovered that the bed had been moved from against the wall where it was that morning and was over next to the window. Her husband was not on the bed, but was lying on the floor between the bed and the wall. She said that the floor was on fire where he was lying. It was just beside him. Mrs. Long then ran for help and gave the alarm. Mr. Ernie Baumgardner and Mr. Bernard Miller were across the street at a place called the Minnow Bucket and they answered Mrs. Long's call for assistance. They went into the house and removed Mr. Long from the room. Baumgardner said that Mr. Long was lying face down on the floor and that he and Mr. Miller pulled him out. He saw small flames burning on the floor. He said that Mr. Long was clad in his shorts and was burned very badly on his right side. Mr. Miller also testified that on the right side of the bed very near to Mr. Long there were flames and that Mr. Long was unconscious and burned "mighty bad." Mr. Herman Brown, the owner of the house, reached the scene of the fire just as Baumgardner and Miller were removing Long from the room. He testified as a witness for appellant and said that when he got there, he saw a blaze in the room and went to call the fire department, but discovered that they had already been notified. He said that there were places burned on the floor. When asked if the boards were burned through, he answered and said they were and that he had the man who repaired the floor to fill the holes with plastic wood until such time as he could replace the burned boards.

■ ■ We are of the opinion that the foregoing facts were sufficient to submit the issue involved to the jury for their decision. The fact that there was no direct evidence to show that the deceased was in the building at the time the fire commenced, is not sufficient to hold that the appellee failed to meet the burden of proof.

The circumstances as shown by the evidence clearly indicate that he was in the building at the time the fire started. ██ We are further of the opinion that there was sufficient evidence from which the jury could find that the deceased was accidentally injured and killed in consequence of a building burning while the insured was therein or escaping therefrom. ██ We do not construe the contract to mean that the building must be completely destroyed. It was sufficient, if the proof showed, that there was a burning of the building and that the insured died as a consequence of this burning.

Appellant has much to say in its brief relative to the construction given to the clause in the contract in question by courts of other jurisdictions. There are two lines of decisions and we do not deem it necessary to determine at this time to which line we shall align ourselves. It is our opinion that the theory upon which the trial judge submitted this case to the jury was in keeping with the terms of the contract and that there was sufficient evidence in this case to sustain the verdict of the jury.

We have carefully considered the errors assigned, and we are of the opinion that this case was properly presented to the jury under instructions which, when read together, properly instructed the jury as to the law involved. We find no reversible error in this record and are of the opinion that this case should be affirmed.

Affirmed.

*Lee, C. J., and Rodgers, Jones and Smith, JJ.,* concur.