ROY NOBLE LEE, Presiding Justice,
for the Court:
Eddie Gregg filed suit in the Circuit Court of Oktibbeha County against Four Squires, Limited, for personal injuries sustained in an altercation between him and Gary Jackson, general manager of Four Squires, Ltd., which occurred on the premises. The jury returned a verdict in favor of Four Squires, Ltd., and Gregg has appealed here, assigning five (5) errors in the trial below:
I. THE LOWER COURT COMMITTED REVERSIBLE ERROR IN REFUSING INSTRUCTION D-3 AND REFUSING TO INSTRUCT THE JURY THAT SERVING ALCOHOLIC BEVERAGES TO AN OBVIOUSLY INTOXICATED PERSON WAS UNLAWFUL, AND, IF FOUND TO BE A PROXIMATE CAUSE BY THE JURY, SHOULD RESULT IN A FINDING FOR THE COMPLAINANT.
II.THE LOWER COURT COMMITTED REVERSIBLE ERROR IN REFUSING INSTRUCTION P-2 AND REFUSING TO INSTRUCT THE JURY ON ORDINARY CARE.
III.THE LOWER COURT COMMITTED REVERSIBLE ERROR IN REFUSING INSTRUCTION P-10 AND REFUSING TO INSTRUCT THE JURY ON PUNITIVE DAMAGES.
IV. THE LOWER COURT COMMITTED REVERSIBLE ERROR IN GRANTING INSTRUCTION D-6 INSTRUCTING THE JURY ON THIRD-PARTY INTERVENTION.
V. THE LOWER COURT COMMITTED REVERSIBLE ERROR IN GRANTING INSTRUCTION D-8 INSTRUCTING THE JURY THAT THE COMPLAINANT COULD BECOME A TRESPASSER.

Facts

On the evening of February 6, 1983, after drinking beer at the home of a friend, appellant and one Bill Baldner went to the Four Squires bar for more libation. They paid the cover charge, entered the bar, and each ordered a drink (alcohol). Appellant went to the band while it was playing and engaged a band member in conversation, which was against the club rules. At the request of the assistant manager, appellant left the band, danced around, and bought a second drink for himself and his friend.
Gary Jackson, general manager of the club, asked appellant not to make contact with the band while it was playing. Appellant began to get boisterous and Jackson offered him a free drink, if he would calm down. Appellant agreed and was provided the free drink, which numbered his third alcoholic drink at that establishment. When the band started playing again, appellant went to the stage, talked with a band member, refused to leave the band upon request, and began to use profanity. Jackson was notified and he asked appellant to leave the club, to no avail. Jackson asked Betty Gray to call the police, but, in the interim, he, the bartender and a non-duty employee attempted to remove appellant from the club via the kitchen and back door. During the scuffle which ensued, while they were in the kitchen, according to appellee’s witnesses, appellant grabbed *364 Jackson by the hair, Jackson picked up a hammer, and struck appellant twice on the head with the handle of the hammer. Appellant claims that Jackson struck him with the hammer on the lower part of his leg. Eventually, appellant was ejected from the club through the back door, which was then closed.
Shortly after appellant’s unwanted trip into the back alley, one Thomas Johnson, a customer of appellee, thinking that appellant was his brother, went to the back door, presumably to render assistance. Johnson discovered that appellant was not his own blood brother. Appellant attempted to go back into the club, but Johnson, not wanting to undo what had been done, prevented appellant’s re-entry, made a football block upon him, and the two then scrambled and rolled on the ground, falling against a curb with Johnson on top. That fight was broken up by appellant’s friend, Baldner.
Eventually, appellant wound up in the hospital suffering from bruises to the body and a fractured leg. This suit for personal injuries resulted.
Appellant’s complaint grounded his action on assault and battery, rather than violation of Mississippi Code Annotated § 67-1-88(1) (1972), as amended, which makes it unlawful for any permittee to sell or furnish alcoholic beverages to any person “... who is visibly intoxicated ...” In fact, appellant testified that he was not intoxicated (drunk) while in the Four Squires lounge. However, appellee, in making its defense, developed that appellant became rowdy, unruly and boisterous in the club, which indicated that he was intoxicated. The assignments of error relate only to the refusal of three instructions for the appellant, and the granting of two instructions to the appellee.
L — III.
Instruction P-3 deals with serving alcoholic beverages to an obviously intoxicated person and was refused by the lower court. We think properly so. The instruction did not follow the wording of the statute. Further, the instruction was not based upon the evidence and was peremptory in nature, stating that “the injury which Eddie Gregg incurred by being beaten with a hammer ...” Continental Casualty Co. v. Long, 254 Miss. 422, 181 So.2d 340 (1965); Freeze v. Taylor, 257 So.2d 509 (Miss.1972); Portera v. Brookhaven, 95 Miss. 774, 49 So. 617 (1909). Further, the case of Cuevas v. Royal D’Iberville Hotel, 498 So.2d 346 (Miss.1986), is dispositive of the question dealing with serving alcoholic beverages to appellant.
The lower court properly refused Instruction P-2. The instruction did not apply the correct principle of law, it was confusing, and stated that if appellee failed to exercise ordinary care to insure that appellant would not be injured or beaten on or around the premises, the jury should find for appellant. It is elementary that in personal injury cases defendants are not insurers of people in the situation of appellant.
Instruction P-10 was requested by appellant on the question of punitive damages. The simple answer to this assignment is that the jury found for the appellee/de-fendant on the question of liability and we do not reach that assignment of error.
IV. — V.
Instruction D-6,. granted by the court, submitted to the jury the facts relating to the altercation between appellant and Thomas Johnson outside the lounge, and as to whether that incident resulted in appellant’s injuries. We think that, under the facts and circumstances of the case, the instruction was proper.
Instruction D-8, also granted by the court, dealt with the refusal of appellant to leave the lounge when requested on account of his unruly conduct. While the instruction was inartfully drawn, we are of the opinion that if it constituted error, such error was harmless under Mississippi Supreme Court Rule 11.
*365 The judgment of the lower court is affirmed. AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.