CHANDLER, Justice,
dissenting:
¶40. The majority rewards MVS’ failure to discern the applicable law in Mississippi and to tender a jury instruction correctly stating that law. In accordance with long-established precedent governing jury instructions in civil cases, I would find that MVS’ failure to tender a proper jury instruction is fatal to its argument. I respectfully dissent.
¶ 41. The sophisticated-user instruction proffered by MVS stated:
If the purchaser of silica [LeTour-neau] knew or should have known the dangers that may be associated with silica, then the purchaser is a sophisticated user, and a supplier [MVS] has no duty to warn of those dangers.
The majority argues that this “sophisticated-user” instruction was an attempt to assert the learned-intermediary defense, which this Court recognized in Swan v. I.P., Inc., 613 So.2d 846 (Miss.1993). In Swan, this Court held that the learned-intermediary defense “provides that a manufacturer’s duty to warn may be discharged by providing information to a third person upon whom it can reasonably rely to communicate the information to the ultimate users of the product or those who will be exposed to its hazardous effects.” Swan, 613 So.2d at 851.
¶ 42. The majority’s argument is flawed for two reasons. First, the jury instruction was not an attempt to assert the learned-intermediary defense articulated in Swan. The jury instruction did not reference the learned-intermediary defense at all. Reasonable reliance is an element of the learned-intermediary defense. Swan, 613 So.2d at 851. The jury instruction omitted that element. By omitting that element, the jury instruction did not invoke the learned-intermediary defense. I would find that the jury instruction was so flawed that it did not function as an attempt to assert the learned-intermediary defense.
¶ 43. Second, assuming, arguendo, that the jury instruction did invoke the learned-intermediary defense, the majority unwisely imposes a duty upon the trial court to reform the jury instruction to make it conform with Mississippi law. The proposition that the trial court must reform an inai'tfully drawn jury instruction, on a central issue in the case not covered by any other instruction is well-established in criminal cases. In Byrd v. McGill, 478 So.2d 302, 305 (Miss.1985), this Court imported that principle into the civil arena, stating that, while the “other cited cases arose from criminal cases, there is no good reason for countenancing the evils they *675 condemn merely because they arose in a civil action.” Id. In dissent, Judge Roy Noble Lee disagreed, stating, “I do not believe that the law of this state or decisions of this Court place the onus upon the trial judge to prepare litigants’ cases for them.” Id. (Lee, P.J., dissenting).
¶ 44. Despite Byrd, in numerous, more recent, civil cases, this Court has adhered to the principle that the trial court will not be held in error for refusing a jury instruction that is an incorrect statement of the law. See, e.g., Dooley v. Byrd, 64 So.3d 951, 962 (Miss.2011); Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 474 (Miss.2010); Inv. Res. Servs. v. Cato, 15 So.3d 412, 423 (Miss.2009); Blake v. Clein, 903 So.2d 710, 720 (Miss.2005); DeLaughter v. Lawrence County Hosp., 601 So.2d 818, 823 (Miss.1992); Gregg v. Four Squires, Ltd., 498 So.2d 362, 364 (Miss.1986). “While a party is entitled to jury instructions that present his theory of the case, this entitlement is limited; the trial court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Young v. Guild, 7 So.3d 251, 259 (Miss.2009). This principle recognizes that the drafting of jury instructions by the parties is a vital part of the adversarial process, in which each party strategically seeks to have his view of the case placed before the jury. Viewed in that light, MVS’ jury instruction omitted the element of reasonable reliance, because MVS did not want the jury to consider that element. Indeed, MVS does not argue on appeal that the trial court should have reformed the instruction, but continues to argue that the jury instruction was a correct statement of the law.
¶ 45. The rule announced by the majority today will place an enormous burden upon trial judges in this state. I use this case as an example. The majority finds that MVS’ submission of its incorrect jury instruction triggered a duty for the trial court to reform the instruction. The majority holds that, because MVS did not identify the correct law, the trial court should have researched the issue, crafted a jury instruction with the correct language, and tendered it to MVS for approval. Such a process will be unduly burdensome for a trial judge in the midst of a lengthy civil trial. And this process subverts the adversarial nature of judicial proceedings by placing the onus on the trial court, rather than the parties, to craft the jury instructions.[31] Finally, the rule encourages a litigant to tender incorrect jury instructions in the hope that, if the jury decides against him, he can demand a new ■trial on appeal, because the trial court should have reformed the instructions. I soundly reject the majority’s finding that the trial court should have reformed MVS’ jury instruction.
¶ 46. Moreover, even if MVS had tendered a jury instruction that conformed with the learned-intermediary defense announced in Swan, the instruction should have been denied, because there was no evidence that MVS discharged its duty to warn “by providing information to a third person upon whom it cfould have] reasonably reified] to communicate the information to the ultimate users of the product or those who will be exposed to its hazardous effects.” Swan, 613 So.2d at 851. “The learned intermediary defense does not relieve the manufacturer of its duty to warn, however, unless the manufacturer’s reliance on the intermediary is reasonable.” Id. at 856. In Swan, this Court found that it was disputed whether the manufacturers sent any information or warnings to the *676 intermediary. Id. Here, there was no showing that MVS relied on LeTourneau to communicate information to end users, or that any reliance on LeTourneau to do so would have been reasonable. Because there was no evidence that MVS provided information to a third party on whom it reasonably could rely to communicate the information to the end user, MVS did not discharge its duty to warn.[32] Therefore, MVS was not entitled to a jury instruction on the learned-intermediary defense.
¶ 47. I briefly discuss whether the jury instruction was a correct statement of the law under Mississippi Code Section 11 — 1— 68(e), which states:
In any action alleging that a product is defective pursuant to paragraph (a)(i)2 of this section, the manufacturer or seller shall not be liable if the danger posed by the product is known or is open and obvious to the user or consumer of the product, or should have been known or open and obvious to the user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.
Miss.Code Ann. § ll-l-63(e) (Rev.2002). Again, MVS’ proffered jury instruction stated: “[i]f the purchaser of silica [Le-Tourneau] knew or should have known the dangers that may be associated with silica, then the purchaser is a sophisticated user, and a supplier [MVS] has no duty to warn of those dangers.” (Emphasis added.) The plain language of the statute refers to a “user or consumer” of the product, not a “purchaser.” Thus, under the clear statutory language, the danger must be known or open and obvious to the user or consumer of the product before the defense applies. And in determining whether the danger posed by the product was known or open and obvious, the fact-finder must take into account the “characteristics of, and ordinary knowledge common to, the persons who ordinarily use or consume the product.” Therefore, the knowledge of a third party who purchased the product used or consumed by the plaintiff is immaterial. The plain language of Section 11-I-63(e) indicates it was not crafted to shield the manufacturer from liability if the purchaser knew of the danger, but the actual “user or consumer” of the product had no knowledge of the danger and it was not open and obvious to that person. Rather, the statute clearly focuses on the knowledge of the actual “user or consumer” of the product. I would And the jury instruction to be an improper statement of the law under Mississippi Code Section II-l-63(e).
¶ 48. For these reasons, I respectfully dissent.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. The need for the trial court's heightened oversight of the jury instructions in criminal cases is understandable, because, there, the defendant’s life or liberty is at stake.

. In its brief, MVS does not argue there was evidence of reasonable reliance: rather, it contends that its sophisticated-user instruction was a correct statement of the law.